**Emil Mosquera RODRÍGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–00417–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 7, 1998.

Discretionary Review Refused
Sept. 16, 1998.

Lott J. Brooks, III, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before YATES, AMIDEI and FOWLER, JJ.

## OPINION

AMIDEI, Justice.

Emil Mosquera Rodriguez appeals his conviction by a jury of delivery of at least 400 grams of cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.112(f) (Vernon 1992 & Supp.1998). The trial court assessed his punishment at 40 years imprisonment and a $5,000.00 fine. In eight points of error, appellant contends the evidence was legally and factually insufficient to support his conviction because: (1) and (2), the State failed to prove the cocaine weighed at least 400 grams; (3), (4), (5), and (6), the record shows no actual or constructive transfer of the cocaine; and, (7) and (8), the State did not prove that appellant acted as a principal or a party to the offer of sale of the cocaine. We affirm.

In March 1995, undercover officer Donald DeBlanc (DeBlanc) negotiated a purchase of two kilograms of cocaine from Greg Chaney for $38,000.00. On April 1, 1995, DeBlanc went to a residence on Jewel Street, where he met Chaney to close the deal. Chaney escorted DeBlanc inside and a second man, Gamboa, told DeBlanc the cocaine was in the kitchen. DeBlanc followed Gamboa and Chaney into the kitchen where he saw appellant standing guard over the cocaine, which was covered with a jacket. Appellant then told DeBlanc, "Yeah, man, it's under the jacket." DeBlanc raised the jacket, and observed a shoe box. Appellant then told DeBlanc, "It's in the shoe box, man." DeBlanc opened the shoe box and observed two packages of cocaine. After DeBlanc cut into one of the cocaine packages and examined it, he told appellant he was going to get the money and would "be right back." Appellant and the two other suspects appeared surprised that DeBlanc did not have the money with him. DeBlanc walked towards the door and Chaney told DeBlanc he could not leave, and to call the person with the money and have it brought to the house. DeBlanc called Officer Ong on his cell phone and told him to bring the money. DeBlanc told the suspects the "money's on the way." Shortly thereafter, other officers arrived and appellant ran into

the garage. The officers found appellant hiding behind a door in the garage, where they arrested him.

In eights points of error, appellant claims the evidence is legally and factually insufficient to prove he delivered at least 400 grams of cocaine. In reviewing the legal sufficiency of the evidence, we consider all the evidence, both State and defense, in the light most favorable to the verdict. *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *Garrett v. State,* 851 S.W.2d 853, 857 (Tex. Crim.App.1993). In reviewing the sufficiency of the evidence in the light most favorable to the verdict or judgment, the appellate court is to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Ransom v. State,* 789 S.W.2d 572, 577 (Tex. Crim.App.1989), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). This standard is applied to both direct and circumstantial evidence cases. *Chambers v. State,* 711 S.W.2d 240, 245 (Tex.Crim.App. 1986). The jury is the exclusive judge of the facts, credibility of the witnesses, and the weight to be given to the evidence. *Chambers v. State,* 805 S.W.2d 459, 462 (Tex.Crim. App.1991). In conducting this review, the appellate court is not to re-evaluate the weight and credibility of the evidence, but act only to ensure the jury reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App.1993); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). In making this determination, the jury can infer knowledge and intent from the acts, words, and conduct of the accused. *Dues v. State,* 634 S.W.2d 304, 305 (Tex.Crim.App. 1982).

Under *Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim.App.1996), a court of appeals reviews the factual sufficiency of the evidence when properly raised after a determination that the evidence is legally sufficient. *Id.* In conducting a factual sufficiency review, the court of appeals views all the evidence without the prism of "in the light most favorable to the prosecution" and sets aside the verdict only if it is so contrary to the overwhelming

weight of the evidence as to be clearly wrong and unjust. *Id.* In conducting a factual sufficiency review, the court of appeals reviews the fact finder's weighing of the evidence and is authorized to disagree with the fact finder's determination. This review, however, must be appropriately deferential so as to avoid an appellate court's substituting its judgment for that of the jury. If the court of appeals reverses on factual sufficiency grounds, it must detail the evidence relevant to the issue in consideration and clearly state why the jury's finding is factually insufficient. The appropriate remedy on reversal is a remand for a new trial. *Id.*

A factual sufficiency review must be appropriately deferential so as to avoid the appellate court's substituting its own judgment for that of the fact finder. *Santellan v. State,* 939 S.W.2d 155, 164 (Tex.Crim.App.1997). This court's evaluation should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility of witness testimony. *Id.* The appellate court maintains this deference to the fact findings, by finding fault only when "the verdict is against the great weight of the evidence presented at trial so as to be clearly wrong and unjust." *Id.*

■ In points of error one and two, appellant contends the State failed to prove the cocaine weighed at least 400 grams. The State's chemist testified that one package of cocaine weighed 1121 grams, and the other weighed 1126 grams, including the wrappers. The chemist testified that both packages contained a controlled substance weighing more than 400 grams. Appellant contends the chemist failed to prove the weight of the wrappers; therefore, there is no evidence that the cocaine, alone, weighed at least 400 grams. Appellant argues the chemist's testimony that both packages contained a controlled substance weighing more than 400 grams, was a "meaningless" conclusion. We disagree.

In addition to the chemist's testimony that the combined weight of the controlled substance was *more* than 400 grams, DeBlanc testified that the suspects offered to sell him two kilograms of cocaine, and Chaney testified that "the drug bust had two kilos." The

State proved appellant delivered at least 400 grams. *Short v. State,* 874 S.W.2d 666, 668 (Tex.Crim.App.1994). Although appellant cross-examined the chemist as to chain of custody, he did not question the "conclusion" of the chemist as to the quantity of cocaine by cross-examination, defense testimony, objection or otherwise. *See Id.* Viewing this evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Under *Clewis,* we further conclude the jury's finding appellant guilty of delivery of at least 400 grams of cocaine is not so contrary to the overwhelming weight of evidence as to be clearly wrong and unjust. *Clewis,* 922 S.W.2d at 133. Appellant's points of error one and two are overruled.

In points of error three, four, five, six, seven, and eight, appellant contends the evidence is legally and factually insufficient to support his conviction for delivery of cocaine in that the evidence is insufficient to show an actual or constructive transfer to DeBlanc occurred, or that he acted as a party to the offer to sell to DeBlanc.

■ The indictment charged appellant with all three manners of delivery: (1) actual transfer to DeBlanc; (2) constructive transfer to DeBlanc; and (3) an offer to sell to DeBlanc. The State may plead all three forms of delivery and it may not be forced to elect a particular method on which to prosecute. *State v. Garrett,* 798 S.W.2d 311, 314 (Tex.App.—Houston [1st Dist.] 1990), *affirmed,* 824 S.W.2d 181 (Tex.Crim.App.1992). Each of the methods may be submitted alternatively in the jury charge. *Zanghetti v. State,* 618 S.W.2d 383, 386–87 (Tex.Crim.App. 1981); *Atuesta v. State,* 788 S.W.2d 382, 385 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). Where a general verdict is returned and the evidence is sufficient to support a finding under any of the alternative methods submitted, no error is shown. *Atuesta,* 788 S.W.2d at 385.

In this case, the trial court submitted all three theories of delivery to the jury and the jury returned a general verdict of guilty of delivery of a least 400 grams of cocaine. Therefore, if the evidence is legally and fac-

tually sufficient to support any one of the three alternative theories described, there is no error.

■ Appellant argues under these points of error that the State failed to show that any person completed an actual or constructive transfer of the cocaine to DeBlanc. Appellant argues "it is clear that DeBlanc did not feel he had any control over the cocaine in the shoe box until his partner brought the money." We find nothing in the record to support appellant's argument that DeBlanc felt he had no control over the cocaine until the money was delivered. The record shows: (1) appellant was standing guard over the cocaine and indicated to DeBlanc that the cocaine was under a jacket on a table; (2) when DeBlanc lifted the jacket and saw a shoe box, appellant told him "it's in the box"; (3) DeBlanc lifted a package from the shoe box, cut the package, and examined the cocaine in appellant's presence; (4) DeBlanc told appellant and the other suspects he was going to get the money and would "be right back"; (5) appellant told DeBlanc he could not leave because he might return with a gun and rob them of the cocaine.

In *Nevarez v. State,* 767 S.W.2d 766 (Tex. Crim.App.1989), the court of criminal appeals stated, in pertinent part:

> For some purposes, a delivery is accomplished by nothing more than making a thing available to another, placing it within his reach, notwithstanding there is no actual handing of the thing from one person to another.

*Id.* at 768.

The evidence shows that the delivery in this case was an actual transfer of the cocaine by "nothing more than making" the cocaine "available to" DeBlanc. Even though appellant did not pick up the shoe box and hand it to DeBlanc, appellant was in control of the transaction (standing guard), and effected the transfer by telling DeBlanc "it" was in the shoe box. *See Wartel v. State,* 830 S.W.2d 757, 760–61 (Tex.App.—Houston [1st Dist.] 1992, no writ) (defendant did not pick up the cocaine and hand it the officer, but he directed undercover officer to cocaine sitting on table; court of appeals found evi-

dence sufficient for actual transfer). In *Nevarez*, the court of criminal appeals held, in pertinent part, as pertaining to possession and control of the contraband:

> The record in this case indicates that appellant's co-defendant slid the bag containing marihuana over to Officer Pacheco. Officer Pacheco took the bag and tore it open. Pacheco had "real possession and control" of the marihuana at that time. [Citations omitted]. Regardless of whether appellant, his codefendant or anyone else *subsequently* refused to allow the officers to remove the bag of marihuana is of no moment—the "actual transfer" of the marihuana occurred pursuant to the law of parties the instant that Pacheco physically took and inspected the marihuana offered him by appellant's codefendant. That the officer in this case eventually backed away from the contraband for his own safety did not and could not vitiate the transfer which had already taken place. We do not require a prolonged possession or extensive control on the part of the transferee to find that an actual transfer has occurred (emphasis in original).

*Nevarez,* 767 S.W.2d at 768–69.

In this case, the actual transfer occurred when DeBlanc picked up the cocaine package after appellant directed DeBlanc to the shoe box that contained the cocaine. *Nevarez,* 767 S.W.2d at 768–69; *Wartel,* 830 S.W.2d at 760–61. Viewing this evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Under *Clewis,* we further conclude the jury's finding appellant guilty of delivery by actual transfer of at least 400 grams of cocaine is not so contrary to the overwhelming weight of evidence as to be clearly wrong and unjust. *Clewis,* 922 S.W.2d at 133. Appellant's points of error three and four are overruled. Because we have found the evidence is legally and factually sufficient to sustain the conviction as a delivery by actual transfer of at least 400 grams of cocaine, we need not address appellant's remaining points of error concerning constructive transfer and offer to sell. Accordingly, appellant's points of error five, six, seven, and eight, are overruled and the judgment of the trial court is affirmed.