Affirmed and Memorandum Opinion filed August 10, 2004









Affirmed and Memorandum Opinion filed August 10, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00409-CR

____________

 

CHARLES SANDERS
WARTEL,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 926,841

 



 

M E M O R A N D U M   O P I N I O N

Appellant Charles Sanders Wartel appeals his conviction for
delivery of a controlled substance, arguing the evidence is legally and
factually insufficient to prove appellant delivered cocaine through (1) an
actual transfer; (2) a constructive transfer; or (3) an offer to sell.  We affirm.

I.  Factual and Procedural Background








On October 8, 2002, Houston Police
Department Officer Antonio Gracia was conducting an undercover drug purchase in
response to a citizen complaint about narcotics activity in the 8000 block of
Gladstone Street.  Gracia enlisted the
assistance of several uniformed officers in case of arrests and other officers
in plain clothing to conduct surveillance from a separate vehicle.  Gracia drove to the 8000 block of Gladstone
and observed two men, one of whom was appellant, standing near the entrance of
a motel.  Gracia greeted the men and
asked if they had seen a man known as ATeddy-poo.@ 
Appellant replied that he had not seen Teddy-poo.  Gracia testified that he then asked appellant
if he had a A20,@ slang for $20=s worth of cocaine.  According to Gracia=s testimony, appellant responded that
he did not possess the cocaine, but would obtain it. 

Appellant entered Gracia=s car and directed him to drive to a
house at 3711 Bellfort.  Gracia parked
his car in the driveway of the house and noticed a man, who was later
identified as Kenneth Banks, sitting on the patio.  Gracia testified that appellant requested
money at this point.  Gracia gave him
$20, and appellant told Gracia to wait. 
Appellant then left the vehicle and walked behind the house, out of
Gracia=s sight.

Gracia testified as follows: (1) when
appellant returned to Gracia=s vehicle, he appeared nervous and sweaty; (2) appellant=s right hand was closed as if he were
about to give something to Gracia; (3) appellant hesitated before handing
anything over; (4) appellant then stepped away from Gracia=s vehicle and motioned, by way of
moving his hand, for Banks to follow him; (5) Banks, who had been sitting at a
table on the patio at the time, stood up and walked over to appellant; (6)
Banks and appellant went to the side of the house and out of Gracia=s view; and (7) Banks returned from
the side of the house, came to the driver=s side door of Gracia=s vehicle, and handed him what
laboratory tests later determined was 0.207 grams of cocaine.








Gracia then put the cocaine in his
pocket and gave the Abust signal@ to the uniformed police officers who were waiting
nearby.  Gracia also gave the officers
descriptions of Banks and appellant, and then left the premises.  The officers arrested Banks and
appellant.  Gracia returned briefly to
confirm the identities of the men who had been arrested.  The officers did not recover the $20.  The house itself was not searched because the
officers did not have a search warrant. 

Jimmy Cargill, one of the officers
who performed surveillance that evening, testified that he observed the
following: (1) appellant and Gracia spoke at the motel; (2) appellant got into
Gracia=s vehicle; (3) appellant got out of
Gracia=s vehicle and walked behind the
residence; (4) appellant returned to Gracia=s vehicle and appeared as if he were
going to get back in the vehicle; (5) appellant returned to the rear of the
residence; and (6) Banks emerged and walked up to Gracia=s vehicle a short period of time
after that.  Cargill was not privy to
what Gracia and appellant said at any point, nor did he witness any
transactions between Gracia and appellant or any exchanges between Gracia and
Banks.

Appellant recounted the events as
follows: (1) appellant responded to Officer Gracia at the motel by saying he
did not know where Gracia could get a A20,@ but that he might be able to help
him find Teddy-poo; (2) appellant got out of Gracia=s vehicle at the house, but did not
receive any money from Gracia; (3) appellant only directed Gracia to this house
because appellant wanted to visit its owner; (4) upon exiting Gracia=s vehicle, appellant went into the
house and began talking to his friend; (5) as appellant approached Gracia=s vehicle to tell him to leave, he
saw Gracia talking to a woman; (6) appellant told Gracia that Teddy-poo was not
at the house; (7) appellant then returned to the house; (8) appellant came out
of the house again and stood outside talking with Banks and another person; and
(9) appellant never saw Banks deliver cocaine to Gracia.  

Appellant was charged by indictment
with delivery of a controlled substance. 
See Tex. Health &
Safety Code ' 481.112 (a) (Vernon 2000). 
A jury found appellant guilty as charged and sentenced him to
one-and-a-half years= imprisonment in Texas Department of Criminal Justice, State
Jail Division.

II. 
Issues Presented

Appellant presents the following
issues for appellate review:








(1)       Is the evidence legally sufficient to prove appellant
delivered cocaine through an actual transfer?

(2)       Is the evidence legally sufficient to prove appellant
delivered cocaine through a constructive transfer?

(3)       Is the evidence legally sufficient to prove appellant
delivered cocaine through an offer to sell?

(4)       Is the evidence factually sufficient to prove appellant
delivered cocaine through an actual transfer?

(5)       Is the evidence factually sufficient to prove appellant
delivered cocaine through a constructive transfer?

(6)       Is the
evidence factually sufficient to prove appellant delivered cocaine through an
offer to sell?

III.  Standards of Review

In evaluating a
legal-sufficiency challenge, we view the evidence in the light most favorable
to the verdict.  Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The issue on appeal is not whether we, as a court, believe the State=s evidence or
believe that appellants= evidence outweighs the State=s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex.
Crim. App. 1984).  The verdict may not be
overturned unless it is irrational or unsupported by proof beyond a reasonable
doubt.  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991). 
The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v.
State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).








In contrast, when
evaluating a challenge to the factual sufficiency of the evidence, we view all
the evidence in a neutral light and inquire whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, No. 539-02, 2004 WL
840786, at *7, C  
S.W.3d C,C (Tex. Crim. App.
Apr. 21, 2004).  A reviewing court may
find the evidence factually insufficient in two ways.  Id. 
First, when considered by itself, the evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict and the
evidence contrary to the verdict, the contrary evidence may be strong enough
that the beyond-a-reasonable-doubt standard could not have been met.  Id. 
In conducting the factual-sufficiency review, we must employ appropriate
deference so that we do not substitute our judgment for that of the fact
finder.  Id. at *4.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the weight and
credibility given to any witness=s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).  In conducting a
factual-sufficiency review, we must discuss the evidence appellant claims is
most important in allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).








The elements of
the offense of delivery of a controlled substance are: (1) a person, (2)
knowingly, (3) delivers, (4) a controlled substance.  See Tex. Health & Safety Code ' 481.112(a)
(Vernon 2003).  There are multiple ways
of committing this offense, including: (1) actual transfer; (2) constructive
transfer; or (3) by an offer to sell.  See Tex. Health & Safety Code ' 481.002(8)
(Vernon 2003) (defining delivery).  The
State may plead all three forms of delivery in the indictment.  See Cano v. State, 3 S.W.3d 99, 105 (Tex. App.CCorpus Christi 1999, pet. ref=d).  Each of the theories may be submitted
alternatively in the jury charge.  Id.  When a general verdict is returned and the
evidence is sufficient to support a finding under any of the alternative methods
submitted, no error is shown.  Id.  In this case, the trial court submitted all
three theories of delivery to the jury and the jury returned a general verdict
of guilty of delivery of less than one gram of cocaine.  Therefore, if the evidence is legally and
factually sufficient to support any one of the three alternative theories
described, there is no error.  See
Rodriguez v. State, 970 S.W.2d 66, 69 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d). 

The jury in this
case received an instruction on the law of parties.[1]  The law of parties may be applied to the
offense of delivery of a controlled substance. 
See Francis v. State, 909 S.W.2d 158, 162 (Tex. App.CHouston [14th Dist.] 1995, no
pet.).  Under the law of parties, the
State must show that the actual transferor committed the offense and that the
party, in this case appellant, acting with intent to promote or assist the commission of the offense, solicited,
encouraged, directed, aided, or attempted to aid the other person in the
commission of the offense.  See Tex. Pen. Code Ann. ' 7.02(a)(2)
(Vernon 2003).[2]  Circumstantial evidence may be used to prove
that one is a party to an offense.  See
Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994).  Evidence is sufficient to convict under the
law of parties when the defendant is physically present at the commission of
the offense and encourages its commission by words or other agreement.  Id. 
The court may examine the events occurring before, during, and after the
commission of the offense, and may rely on the actions of the defendant which
demonstrate an understanding and common design to commit the offense.  Id. 









IV. 
Analysis and Discussion

In his first issue, appellant
contends the evidence was legally insufficient to prove he delivered cocaine by
an actual transfer to Officer Gracia because the officer did not see or hear
appellant solicit, encourage, direct, aid or attempt to aid Banks with the
delivery nor was appellant present when the transaction between Banks and Gracia
took place.    

In this case, Officer Gracia
testified that he asked appellant if he had a A20.@ 
According to Gracia=s testimony, appellant responded that he did not possess the
cocaine, but would or could obtain it.[3]  Appellant then got in Gracia=s vehicle and directed him to drive
to a house at 3711 Bellfort.  Gracia
testified that appellant requested the money and Gracia gave him $20.  According to the testimony, appellant told
Gracia to wait.  Appellant then left the
vehicle and walked behind the house, out of Gracia=s sight.  Gracia stated that, when appellant emerged
and approached the vehicle, he looked nervous and was sweating.  According to Gracia, appellant had his right
hand closed as if he were about to give Gracia what was in his hand.  Appellant then walked back to the patio area
and Gracia saw him motion to Banks with his hand.  At that point, Gracia observed Banks walk over
to appellant and out of Gracia=s view.  Banks returned
alone to the driver=s side of Gracia=s vehicle and handed him the
cocaine.  Although appellant was not
present during the actual transfer, based on this evidence, the jury could have
found appellant a party to an actual transfer by finding that appellant, acting
with intent to promote or assist the commission of the offense, encouraged,
directed, or aided in the commission of the offense under the law of parties.  Therefore, the evidence is legally sufficient
to sustain appellant=s conviction. 
Accordingly, we overrule appellant=s first issue.








In his fourth issue, appellant
contends the evidence is factually insufficient to convict him because
appellant contradicted Officer Gracia=s testimony, stating that appellant
did not participate in the transaction and was merely attempting to get a ride
from Gracia to the location.  As further
support for his contention, appellant points out that the police officers did
not recover the $20 appellant allegedly received from Gracia.  

The jury is the
sole judge of the weight and credibility given to any witness=s testimony.  Cain, 958 S.W.2d at 407.  The jury may believe or disbelieve all or part of any witness=s testimony.  See Jones v. State, 984 S.W.2d 254,
258 (Tex. Crim. App. 1998).  A factual‑sufficiency
challenge will not necessarily be sustained simply because the record contains
conflicting evidence upon which the fact finder could have reached a different
conclusion.  See Santellan v. State,
939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
A reviewing court may disagree with the fact finder=s resolution of conflicting evidence
only when it is necessary to prevent manifest injustice.  See id. at 164B65. 
A jury decision is not manifestly unjust merely because the jury
resolved conflicting views of evidence in favor of the State.  See Cain, 958 S.W.2d at 410.  In this case, the
jury apparently chose to believe Officer Gracia=s version of the
events, despite appellant=s contradictory account and the fact that
the $20 was not recovered.  After
reviewing the evidence in a neutral light, we conclude that the jury was
rationally justified in finding guilt beyond a reasonable doubt.  See Zuniga v. State, No. 539-02, 2004
WL 840786, at *7, C S.W.3d C, C (Tex. Crim. App.
Apr. 21, 2004).  Accordingly, we overrule
appellant=s fourth issue.








Having concluded the evidence is
legally and factually sufficient to support the theory of actual transfer, we
need not address the remaining issues dealing with the alternative theories of
constructive transfer and offer to sell. 
We, therefore, affirm the trial court=s judgment.

 

 

 

 

 

/s/      Kem
Thompson Frost

Justice

 

 

Judgment rendered
and Memorandum Opinion filed August 10, 2004.

Panel consists of
Chief Justice Hedges and Justices Frost and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 











[1]  The jury
charge included the following instruction:

 

All persons are parties to an offense who are guilty
of acting together in the commission of the offense.  A person is criminally responsible as a party
to an offense if the offense is committed by his own conduct, by the conduct of
another for which he is criminally responsible, or by both.  

 

A person is criminally responsible for an offense committed by the
conduct of another if, acting with intent to promote or assist the commission
of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense.  Mere
presence alone will not constitute one a party to an offense.





[2]  Neither the State nor appellant
disputes that Banks committed the offense of delivery of a controlled
substance.





[3]  Gracia
testified both that appellant told him he would obtain the cocaine and that he
could obtain the cocaine:

 

Q: Did he
say anything else?

A: That, you
know, if I couldn=t -- if I didn=t -- if
I didn=t have -- I asked him me [sic] if he had a 20.  He said he didn=t have
it, he=d get it.

***

Q:
Okay.  So, this defendant indicated that
he could get you a 20; is that right?

A: Correct.