Opinion issued October 11, 2007









In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00518-CR






 JOE PACE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the the 338th District Court

Harris County, Texas

Trial Court Cause No. 944490






MEMORANDUM OPINION ON FURTHER REHEARING

 We grant the State's motion for rehearing, vacate our August 23, 2007
judgment, withdraw our August 23, 2007 opinion, and issue this opinion in its place.

 A jury found appellant, Joe Pace, guilty of the offense of delivery of a
controlled substance weighing more than 200 grams and less than 400 grams, (1) found
two enhancements true, and assessed punishment at confinement for 42 years. 
Original appellate counsel filed an Anders brief stating that the appeal is frivolous
and wholly without merit, see Anders v. California, 386 U.S. 738, 87 S. Ct. 1396
(1967), and this Court affirmed the trial court's judgment. Appellant filed a pro se
motion for rehearing, bringing to this Court's attention an arguable ground for
reversal. We abated appellant's appeal for appointment of new appellate counsel,
who filed a brief on the merits contending, in five points of error, that the trial court
erred by (1) charging the jury on a theory that was not supported by the evidence;
(2-4) overruling appellant's objections to the prosecutor's improper closing argument
at the guilt-innocence and punishment phases of the trial; and (5) improperly
instructing the jury on the law of entrapment. 

 In a supplemental brief, appellant has urged, in two additional points of error: 
(1) that appellant's sentence was unauthorized by law and (2) that the State did not
prove the finality of the alleged conviction in the second enhancement paragraph. (2) 

 We affirm.

BACKGROUND


 A confidential informant introduced undercover narcotics officer Michael Sams
to appellant. Sams spoke to appellant on a number of occasions, asking appellant to
sell him cocaine. After refusing Sams's requests several times, appellant agreed to
meet Sams in a Home Depot parking lot to sell him nine ounces of cocaine for
$4,800. Sams met appellant at the agreed location and got into appellant's pickup
truck. Appellant reached behind the front passenger seat and retrieved a bag. Sams
looked at the contents of the bag, which he believed to contain cocaine, and, before
taking possession, signaled the surveillance team, which was already in place in the
parking lot, to initiate the arrest. The entire transaction was videotaped. At trial,
appellant presented an entrapment defense, claiming that, but for the persuasion of
Sams and Johnson, he would not have gone through with the drug deal. 

DISCUSSION


1. Actual transfer

 In his first point of error, appellant contends that the court's charge gave the
jury the option of convicting him for "actual transfer" of the drugs when there was no
evidence that such a transfer took place. Appellant argues that, because he was
arrested before physically handing the drugs over to Sams, there was no actual
transfer. 

 The indictment in this case charged appellant with delivery of cocaine by (1)
actual transfer, (2) constructive transfer, and (3) offering to sell. The State abandoned
the charge of delivery by constructive transfer by not submitting it to the jury. At the
charge conference, appellant objected to a charge on delivery by actual transfer, and
the trial court overruled the objection. The trial court submitted to the jury the
alternative methods of delivery by actual transfer and delivery by offering to sell.

 A delivery may be effected through: (1) actual transfer, (2) constructive
transfer, or (3) an offer to sell. Tex. Health & Safety Code Ann. § 481.002(8)
(Vernon Supp. 2006). Delivery by offer to sell is complete when, by words or deed,
a person knowingly or intentionally offers to sell a controlled substance. Stewart v.
State, 718 S.W.2d 286, 288 (Tex. Crim. App. 1986). The State may plead all three 
methods of delivery and may not be required to elect one method on which to
prosecute. State v. Garrett, 798 S.W.2d 311, 314 (Tex. App.--Houston [1st Dist.]
1990), aff'd, 824 S.W.2d 181 (Tex. Crim. App. 1992). If the fact finder returns a
general verdict and the evidence is sufficient to support one of the alternative
methods submitted, there is no error. Rodriguez v. State, 970 S.W.2d 66, 69 (Tex.
App.--Houston [14th Dist.] 1998, pet. ref'd). 

 The facts in this case--agreeing upon a price, meeting in a parking lot, and
displaying the cocaine in a bag--support a finding of delivery by offering to sell the
cocaine. Therefore, there it was not error to submit, in the alternative, delivery by
actual transfer. Accordingly, we overrule appellant's first point of error. 

2. Argument at guilt-innocence phase

 In his second and third points of error, appellant complains about the State's
improper jury argument at the guilt-innocence phase of the trial. Generally, to
preserve a complaint, an objection must be made with specificity. See Tex. R. App.
P. 33.1. However, a general objection is sufficient to preserve error when the specific
ground is apparent from the context. Cooper v. State, 961 S.W.2d 222, 228 (Tex.
App.--Houston [1st Dist.] 1997, pet. ref'd). If a party does not pursue his objection
to an adverse ruling, he waives his complaint. Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996). 

 In the first argument complained of by appellant, the State argued:

 Mr. Parnham mentioned something that I thought was very
interesting. He stated this was - - he used a different tone, voice
inflection. This isn't fair. This isn't fair. Ladies and gentlemen of the
jury, you know what isn't fair? The way this substance, cocaine, affects
the citizens of this county. The way this substance - -


Appellant stated, "Objection. Improper argument." This general objection did not
apprise the trial court of the ground for the objection, and it is not apparent from the
context. Therefore, the trial court did not err in overruling the objection. 

 In the second argument complained of by appellant, the State said:

 Now, a very interesting--and I'm going to sit down in a moment,
folks, because you all are intelligent people. I'm not going to attempt
what Mr. Parnham and Mr. McWilliams are doing and asking you to not
follow your oath.


Appellant stated, "I object to that. Improper argument. Certainly that is not what Mr.
Parnham and I are doing." The trial court said, "Be sustained. Move on." 
Appellant did not request an instruction to the jury to disregard the State's remarks. 
Because appellant did not pursue his objection to an adverse ruling, he has waived
this point of error.

 We overrule appellant's second and third points of error.

3. Argument at punishment phase

 In his fourth point of error, appellant contends that the trial court erred in
overruling his objection to the State's reference to "crack babies" in its argument at
the punishment phase. Because the trial court sustained appellant's objection and
instructed the jury to disregard, we construe appellant's complaint to be that the trial
court abused its discretion by denying appellant's motion for a mistrial. See Hawkins
v. State, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004) (stating that when trial court
sustains objection and instructs jury to disregard, but denies motion for mistrial,
proper issue is whether refusal to grant mistrial was abuse of discretion). 

 The approved general areas of argument are: (1) summation of the evidence,
(2) reasonable deduction from the evidence, (3) answer to argument of opposing
counsel, and (4) plea for law enforcement. Hathorn v. State, 848 S.W.2d 101, 117
(Tex. Crim. App. 1992). Even when an argument exceeds the permissible bounds of
these approved areas, such will not constitute reversible error unless, in light of the
record as a whole, the argument is extreme or manifestly improper, violative of a
mandatory statute, or injects new facts harmful to the accused into the trial
proceeding. Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). The
remarks must have been a willful and calculated effort on the part of the State to
deprive appellant of a fair and impartial trial. Cantu v. State, 939 S.W.2d 627, 633
(Tex. Crim. App. 1997). In most instances, an instruction to disregard the improper
remarks will cure the error. Shannon v. State, 942 S.W.2d 591, 597 (Tex. Crim. App.
1996).

 During final argument at the punishment phase, the following occurred:

 STATE: You know, I think about - - I think about how
this man decided to put this poison into the community that I proudly
live in. And you think about the choices that he made. But then you
have to think about the individuals who don't have a choice. Whom am
I referring to? The individuals who do not have a choice that are
affected by these poisons, this poison. I don't know if you all have had
the opportunity to see a crack baby, but I have. That crack baby - - 


 DEFENSE: Objection. Improper argument. 


 COURT: Let's move along.


 STATE: That crack baby - - 


 DEFENSE: Objection, your Honor. 


 COURT: Move along. 


 DEFENSE: I'd ask the jury to disregard the - - 


 COURT: The jury will disregard.


 DEFENSE: Move for a mistrial. 


 COURT: Denied.


 Because appellant's objection interrupted the State's argument, the record does
not reveal whether the argument was going to be within one of the approved areas. 
However, the trial court instructed the jury to disregard the State's remark, and we
presume that the jury followed that instruction. Gardner v. State, 730 S.W.2d 675,
696 (Tex. Crim. App. 1987). Thus, if the State's argument was improper, it was
cured by the instruction. Therefore, the trial court did not abuse its discretion in
denying appellant's motion for mistrial. 

 We overrule appellant's fourth point of error. 

4. Entrapment

 In his fifth point of error, appellant contends that the trial court erred by
improperly charging the jury on the law of entrapment, thereby denying appellant a
fair trial. In its charge, the trial court instructed the jury that it should find appellant
not guilty if it believed that he was "induced to [deliver the controlled substance] by
M. Sams, a law enforcement officer," Appellant argues that, in addition to that
instruction, the court should have instructed the jury that "if [confidential informant],
acting as an agent for M. Sams, induced Appellant to commit the offense, if any, and
the conduct of said [confidential informant] did not merely afford Appellant an
opportunity to commit the offense, if any, you will acquit Appellant." 

 At the charge conference, appellant's only objection was to the paragraph
relating to delivery by actual transfer. He did not object to the charge given on
entrapment, nor did he request a different charge. 

 Entrapment is a defensive issue. Tex. Penal Code Ann. § 8.06(a) (Vernon
2003). Therefore, to preserve error, appellant was required either to object to the
court's charge or to make a specific request for an instruction on this defensive issue. 
See Posey v. State, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998) (holding that rule in
Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984), does not apply to
submission of defensive issues). Because appellant neither objected nor requested
an instruction on this issue, he may not assert error for the first time on appeal. 
Posey, 966 S.W.2d at 61 . 

 Accordingly, we overrule appellant's fifth issue.

5. Unauthorized sentence

 In his first supplemental point of error, appellant asserts that the sentence
assessed by the jury--42 years--is unauthorized by law because section 481.112(e)
of the Health and Safety Code provides, "An offense under Subsection (a) is
punishable by imprisonment . . . and a fine . . . ." Tex. Health & Safety Code
Ann. § 481.112(e) (Vernon 2003). The State responds that appellant was not
sentenced under section 481.112(e), but as a habitual offender under section 12.42(d)
of the Penal Code, which does not authorize the imposition of a fine. (3) See Tex.
Penal Code Ann. § 12.42(d) (Vernon 2003). 

 Section 12.42(d) provides for imprisonment for life or for a term of 25 to 99
years. Thus, appellant's sentence of 42 years is authorized by the statute. 

 We overrule appellant's first supplemental point of error. 

6. Proof of enhancement

 In his second supplemental point of error, appellant contends that the State did
not produce evidence of the finality of the prior conviction used as a second
enhancement. Appellant pleaded not true to the enhancement paragraph. The State
introduced into evidence a penitentiary packet to prove that appellant had been
convicted of forgery as alleged in the second enhancement paragraph of the
indictment. However, the judgment in the packet contained the notation that
"defendant then and there, in open court, excepted and gave notice of appeal to the
Court of Appeals." There was nothing in the packet to prove that the conviction had
been affirmed.

 A conviction that has been appealed is not considered final for the purpose of
enhancement until the appellate court affirms the conviction and issues its mandate. 
 Beal v. State, 91 S.W.3d 794, 794-95 (Tex. Crim. App. 2002). The State has the
burden to prove the finality of a conviction that is used for enhancement. Russell v.
State, 790 S.W.2d 655, 657 (Tex. Crim. App. 1990). There is no specific method by
which the State must prove the finality of the prior conviction, and finality may be
proved by an admission by the defendant. Flowers v. State, 220 S.W.3d 919, 921-22
(Tex. Crim. App. 2007). 

 In this case, appellant testified at his punishment hearing. He admitted, on the
record, that he had been convicted of the offense of forgery on December 10, 1985 
in Harris County and that he had been sent to the penitentiary. He further testified
that he had been sentenced to 15 years for that conviction. We hold that this
testimony was sufficient to establish the finality of appellant's forgery conviction for
the purpose of enhancement. 

 We overrule appellant's second supplemental point of error. 

CONCLUSION


 We affirm the trial court's judgment. 



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b). 



1. Tex. Health & Safety Code Ann. § 481.112(a), (e) (Vernon 2003). 
2. A court of appeals is not required to address issues presented in a supplemental
brief. Garrett v. State, 220 S.W.3d 926, 929 (Tex. Crim. App. 2007). However, if a court
grants a supplemental issue for review, it must address that issue. Id. In this case, we
granted appellant's motion to supplement his brief. The supplemental brief was filed before
the State filed its appellate brief and presented the issue raised by appellant in his motion for
rehearing.
3. In its appellate brief on initial rehearing, the State agreed with appellant, stating that
"it appears appellant's argument is meritorious. . . . The State urges this Court to affirm
appellant's conviction and remand this case for a new punishment hearing."