NO. 07-08-0121-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 24, 2008

______________________________


MICHAEL WAYNE TRIPLETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 56,046-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER DIRECTING FILING OF EXHIBITS
          Following a plea of not guilty, Appellant, Michael Wayne Triplett, was convicted of
possession of a controlled substance in a drug free zone and sentenced to ten years
confinement, suspended in favor of ten years community supervision. The appellate
record has been filed as well as Appellant’s brief. Pending before this Court is Appellant’s
“Motion to Direct the District Clerk to Send Trial Exhibits 3 and 12 to the Court of Appeals
Under Tex. R. App. P. 34.6 (g)(2).” We grant the motion.
            Exhibits 3 and 12 are poster size photographs which were admitted into evidence.
By his brief, Appellant challenges the legal and factual sufficiency of the evidence,
specifically, the evidence linking him to the contraband. As such, he maintains the exhibits
are necessary to resolution of his appeal. We agree. Pursuant to Rule 34.6(g)(2) of the
Texas Rules of Appellate Procedure, Caroline Woodburn, District Clerk of Potter County,
is directed to forward State’s Exhibits 3 and 12 to the Clerk of this Court on or before June
30, 2008. 
          It is so ordered.
                                                                           Per Curiam
Do not publish.



ine-height: 0.416667in">Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ORDER ON MOTION FOR REHEARINGBy opinion dated October 3, 2008, this court affirmed the trial court’s judgments
regarding appellant’s convictions and sentences for the offenses of aggravated kidnapping
and aggravated sexual assault. Pursuant to Rule 49.1 of the Texas Rules of Appellate
Procedure, appellant has filed a motion for rehearing contending that this court erroneously
decided the issues presented as well as failed to address his request to modify the
judgment to reflect the correct degree of felony regarding the aggravated kidnapping
conviction. Even with the additional briefing and the presentment of more recent cases
regarding the issue of double jeopardy, we remain convinced that the issues in the case
were properly decided; however, we acknowledge that we failed to take any action on
appellant’s request to modify the aggravated kidnapping judgment to reflect the correct
degree of felony. We grant the motion for rehearing, withdraw our opinion of October 3,
2008, and substitute the following opinion:
OPINION ON REHEARING
          Appellant, Rene Gonzales, appeals his conviction for the offenses of aggravated
kidnapping and aggravated sexual assault and sentences of five years incarceration and
fine of $10,000 on each count. We modify the judgment of aggravated kidnapping and
affirm the judgment of aggravated sexual assault.
BackgroundOn November 10, 2002, appellant and the complainant were married and living
together in a trailer located in Caldwell County. After a late night, appellant arrived at their
home and began to undress to get ready for bed. While appellant undressed, the
complainant observed a “hickey” on appellant and became upset because she assumed
appellant had been cheating on her. The complainant decided to go to another room to
sleep separate from appellant but appellant followed her. Although the complainant
resisted appellant’s advances, appellant forced himself on the complainant and sexually
assaulted her by inserting his male sexual organ into her female sexual organ. Appellant
then left the room and locked the complainant in the room. The complainant fell asleep
but, upon waking, called out to appellant to release her. Instead, appellant returned and
proceeded to sexually assault complainant a second time. Appellant then locked her in the
room again. After the complainant’s daughter began to call her cell phone, appellant
entered the room and allowed the complainant to briefly speak to her daughter. After the
phone call, the complainant informed appellant that she was going to file for divorce. 
Appellant then proceeded to assault the complainant a third time. After the complainant
began to resist again, appellant obtained a shotgun and threatened her. Appellant pointed
the gun at the complainant and then proceeded to place the barrel of the shotgun into the
complainant's sexual organ. Eventually, appellant released the complainant but warned
her that he would have someone watching her. The complainant went to work the next day
but said nothing to her coworkers. Eventually, the complainant left her work and went to
the hospital for a checkup where she revealed the facts of the assault to a nurse. Because
of the lack of proper equipment, the doctor had the complainant transferred to another
hospital where a rape exam was performed. 

          Appellant was arrested and charged by indictment. On the first count, appellant was
charged by four paragraphs with aggravated kidnapping; each of the paragraphs charged
appellant with aggravated kidnapping, differing only in the aggravating factor. Appellant
was also charged with two counts of aggravated sexual assault. At trial, the jury found
appellant not guilty of one count of aggravated sexual assault, but found appellant guilty
of one count of aggravated kidnapping and one count of aggravated sexual assault. Upon
conviction, the jury assessed punishment at five years in the Institutional Division of the
Texas Department of Criminal Justice and a fine of $10,000 for each offense, but
recommended that appellant be placed on community supervision. 

          Appellant appeals his convictions and sentences by three issues. First, appellant
contends that the trial court erred by failing to admit testimony of two witnesses to show
that the complainant retracted her report to law enforcement that appellant had raped her. 
Additionally, appellant contends that the conviction for aggravated sexual assault is barred
by Double Jeopardy because the conviction is a lesser-included offense of aggravated
kidnapping. Finally, as to the aggravated kidnapping offense, appellant contends that the
trial court erred in instructing the jury that it did not need to agree on one single theory
regarding the commission of the offense, but that the jury could depend on any of the four
aggravating factors to return a conviction for aggravated kidnapping. Additionally,
appellant directs us to the record upon which the State informs the trial court that it is
proceeding on the aggravated kidnapping count as a second degree felony. We modify
the judgment on aggravated kidnapping and affirm the judgment on aggravated sexual
assault. 

Exclusion of Witness Testimony

          A trial court’s decision to admit or exclude evidence is reviewed under an abuse of
discretion standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000);
Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996); Montgomery v. State, 810
S.W.2d. 372, 390 (Tex.Crim.App. 1990) (op. on reh’g). A reviewing court should not
reverse a trial judge’s decision whose ruling was within the zone of reasonable
disagreement. Green, 934 S.W.2d at 102. See also Guzman v. State, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997). If the trial judge's decision is correct on any theory of law applicable
to the case, the decision will be sustained. See State v. Ross, 32 S.W.3d 853, 855-56
(Tex.Crim.App. 2000). 

          Appellant contends that the complainant told his mother that the complainant had
fabricated the story and that appellant had never sexually assaulted her. Appellant
proffered the testimony of appellant’s mother contending that the testimony was admissible
as a hearsay exception. See Tex. R. Evid. 803(24). However, the complainant admitted
on the witness stand that she had made statements to others that appellant had not raped
her. Hence, appellant's mother’s proffered testimony added no additional information and
would have simply bolstered testimony already before the jury. See Cohn v. State, 849
S.W.2d 817, 820 (Tex.Crim.App. 1993) (prior consistent statement is prohibited when the
sole purpose is to enhance the credibility of a witness).

          As to the proffered testimony of the complainant’s son, appellant contends that the
son would have testified that he overheard the complainant at a Christmas party state that
the sexual assault never happened. A review of the record demonstrates that appellant
did not object to the exclusion of the son’s testimony, but in fact agreed with the State that
the statement at the Christmas party was consistent with the complainant’s testimony. 
Hence, appellant waived any error in the exclusion of that testimony. See Jones v. State,
833 S.W.2d 118, 126 (Tex.Crim.App. 1992) (affirmative acceptance waives any error).

          Appellant also contends that the complainant’s son would have testified that
complainant admitted the falsity of her allegations during a phone conversation
immediately prior to the commencement of the trial. However, according to the son’s
testimony, proffered in a hearing outside the presence of the jury, the complainant did not
state that the assault never occurred; rather, the complainant simply stated her reluctance
to testify. As such, the trial court’s ruling to exclude such testimony is within the zone of
reasonable disagreement and is not subject to reversal by a reviewing court. See Green,
934 S.W.2d at 102. 

          We conclude that the trial court did not abuse its discretion in excluding the
testimony of appellant's mother or the complainant’s son. We overrule appellant's first and
second issues.

Double Jeopardy Issue

          Next, appellant contends that the offense of aggravated sexual assault is a lesser-included offense of aggravated kidnapping as it was alleged in the indictment on which he
was convicted. Specifically, appellant contends that the State was required to prove that
appellant used a deadly weapon in committing the sexual assault, which was the same
aggravating element in the kidnapping charge; thus, appellant contends he was convicted
multiple times for the same offense. We disagree. 

          The “same elements” test first articulated by the United States Supreme Court in
Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed 306 (1932), is used
by Texas courts to determine if two convictions constitute “multiple punishment” under
double jeopardy. See Langs v. State, 183 S.W.3d 680, 685 (Tex.Crim.App. 2006). 
Further, the Texas courts have decided that the commission of a felony and a second
felony that alleges the intent to commit the first felony are two distinct criminal acts and
each offense requires the State to prove an element that the other does not. See id. at
686. 

          In reviewing the indictment and the jury charge in this case, Count I alleged four
different means of committing the offense of aggravated kidnapping; however, only one of
the paragraphs referred to a sexual assault in the commission of the offense of aggravated
kidnapping. In that one paragraph that referenced a sexual assault as an aggravating
factor of the aggravated kidnapping, appellant was alleged to have committed the
kidnapping by abducting the complainant “with the intent to violate or abuse the
complainant sexually.” (Emphasis added). In Count II of the indictment, appellant was
charged with intentionally or knowingly sexually assaulting the complainant. Thus, by one
paragraph of Count I, appellant was charged with committing a kidnapping aggravated by 
the intent to commit a sexual assault. This is a distinct criminal offense from the actual
commission of aggravated sexual assault as alleged in Count II. See id. Hence, we
conclude that, for each offense alleged, the State was required to prove an element that
was not an element of the other alleged offense. Id. Therefore, the conviction for
aggravated sexual assault is not barred by double jeopardy. We overrule appellant’s issue.

Jury Unanimity

          Finally, appellant contends that the trial court erred and that he suffered egregious
harm due to the trial court’s jury instruction that a unanimous verdict was not required for
the offense of aggravated kidnapping. Although the State contends that Count I of the
indictment listed different “manner and means” in which it charged appellant with one count
of aggravated kidnapping, appellant contends that the statute created different types of
aggravated kidnapping by separately listing the possible aggravating factors and, as a
result, that the State charged appellant with multiple violations of the aggravated
kidnapping statute. See Tex. Penal Code Ann. § 20.04(a) & (b) (Vernon 2003). Hence,
appellant contends that the trial court erred in instructing the jury that it could find appellant
guilty of aggravated kidnapping in general without having to agree on any one aggravating
factor. Appellant contends that the statute defines kidnapping as a conduct-oriented
offense and that jury unanimity is required as to the mode of commission. However,
appellant has cited no authority for his contention that aggravated kidnapping is a conduct-oriented offense.

          Texas courts have long held that the State may plead alternate “manner and means”
of the commission of the same offense. Willis v. State, 34 Tex.Crim. 148, 149, 29 S.W.
787, 788 (1895). An indictment may contain as many paragraphs as are necessary to
allege the various manner and means of committing one alleged offense. Callins v. State,
780 S.W.2d 176, 182-83 (Tex.Crim.App.1986). If the statute in question establishes
different manner and means by which the offense may be committed, unanimity is
generally not required on the alternate manner and means of the offense’s commission. 
Jefferson v. State, 189 S.W.3d 305, 312 (Tex.Crim.App. 2006). The State need not elect
between various theories alleged in charging a single criminal act or event and the jury may
consider all theories and return a general verdict of guilty. See Franklin v. State, 606
S.W.2d 818, 821 (Tex.Crim.App.1978); Rodriguez v. State, 970 S.W.2d 66, 69
(Tex.App.–Houston [14th Dist.] 1998, pet. ref'd). 

          When a specific act is criminalized because of its very nature, a culpable mental
state applies to committing the act itself and, thus the offense is nature or conduct
oriented. See Herrera v. State, 915 S.W.2d 94, 97 (Tex.App.–San Antonio 1996, no pet.). 
On the other hand, unspecified conduct that is criminalized only because of its result
requires intent as to that result and is, therefore, a result-oriented offense. Id. We
conclude that, as a matter of law, how a person commits a kidnapping, i.e., how the person
restrains or prevents the liberation of another, does not make the offense conduct-oriented
because the ultimate issue in a kidnapping offense is the abduction of the victim, i.e., the
result. See Phillips v. State, 597 S.W.2d 929, 936 (Tex.Crim.App. 1980). Therefore, the
offense of kidnapping is a result-oriented offense. By extension, aggravated kidnapping
is also a result-oriented offense which raises the level of culpability in a kidnapping by the
addition of an aggravating circumstance, a specific intent defined by statute, being present
at the time of the abduction. See id. 

          Having determined that aggravated kidnapping is a result-oriented offense, we can
then determine whether the State alleged multiple violations of the same statute as
appellant contends by determining the appropriate allowable unit of prosecution for
aggravated kidnapping. See Miles v. State, 259 S.W.3d 240, 248 (Tex.App.–Texarkana
2008, no pet. h.) (to determine if a person has committed multiple violations of a single
statute, we must determine the “allowable unit of prosecution” for that offense). By virtue
of being a result-oriented offense, we conclude that the allowable unit of prosecution for
the offense of aggravated kidnapping relates to the abduction of a victim. In other words,
the State is allowed to prosecute a person for each victim kidnapped, not for the number
of aggravating factors that may be present. In this case, the State alleged one victim and
has sought only a single conviction for the offense of aggravated kidnapping, regardless
of the number of aggravating factors alleged in Count I. Therefore, the trial court did not
err in instructing the jury that it could consider all of the aggravating factors alleged by the
State and return a general verdict of guilty for the offense of aggravated kidnapping. See
Franklin, 606 S.W.2d at 821; Rodriguez, 970 S.W.2d at 69. We overrule appellant’s third
issue.

Reformation of Aggravated Kidnapping Judgment

          As a footnote, appellant directed this court to a portion of the transcript of the
punishment hearing demonstrating that the State presented the indictment of aggravated
kidnapping as a second degree felony; however, the judgment of the offense lists the
offense as a first degree felony.


 A review of the record of the punishment hearing reveals
that the trial court, upon the request of the State, asked both sides as to the existence of
a stipulation agreeing that Count I, “as alleged and as the evidence came in,” was a
second-degree felony aggravated kidnapping. Both sides affirmatively answered as to the
stipulation. Further, the court charged the jury as to the punishment range on aggravated
kidnapping as a second degree felony. We conclude that an oral stipulation can be
sufficient to support appellant’s position that the judgment of aggravated kidnapping should
be modified to accurately reflect the conviction to be a second degree felony. See Stringer
v. State, 241 S.W.3d 52, 58-59 (Tex.Crim.App. 2007); Williams v. State, 641 S.W.2d 925,
926 (Tex.Crim.App. 1982). Consequently, we modify the judgment to reflect the degree
of the offense of aggravated kidnapping in this case to be a second degree felony. See
Tex. R. App. P. 43.2(b).

Conclusion

          For the foregoing reasons, we affirm the trial court’s judgment on aggravated sexual
assault and modify the judgment on aggravated kidnapping. 

 
                                                     Mackey K. Hancock

Justice



Publish.