In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00089-CR


 _____________________



JEFFREY LEANTE RANDLE A/K/A JEFFERY L. RANDLE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 96375






MEMORANDUM OPINION



 A jury found Jeffrey Leante Randle guilty of delivery of a controlled substance
(cocaine), and the trial court sentenced Randle, a repeat felony offender, to twelve years of
confinement in the Texas Department of Criminal Justice--Institutional Division. See Tex.
Health & Safety Code Ann. §§ 481.102(3)(D) (Vernon Supp. 2008); 481.112(a),(c)
(Vernon 2002). In this appeal, Randle contends the evidence was legally and factually
insufficient to support his conviction. Because the evidence is sufficient to support the
verdict, we affirm the judgment. 

 An officer with the Jefferson County Narcotics Task Force conducted a sting
operation with an informant. The informant told the officer that the informant had purchased
cocaine from a man whom he knew only as "Chief," and the informant agreed to cooperate
in a sting operation. The officer set up surveillance equipment inside the informant's home
in Jefferson County, and the Port Arthur Narcotics Unit monitored the outside perimeter of
the residence. The informant called "Chief" and asked for cocaine worth one hundred
dollars. 

 Approximately fifteen minutes later, "Chief" arrived at the home. The officer,
observing through video equipment set up in a back room of the home, recognized "Chief"
as a man he knew from past experiences to be Jeffrey Randle. At first, Randle gave the
informant three pieces of cocaine worth sixty dollars. Because Randle gave him an amount
of cocaine less than the informant had requested over the telephone, Randle told the
informant to go out to Randle's vehicle and obtain more cocaine from a "secret spot" in the
vehicle. The informant went to Randle's vehicle and returned with more cocaine. The
informant gave Randle the cocaine he had retrieved from Randle's vehicle, and Randle cut
it into five more pieces. The informant paid one hundred and sixty dollars for the eight rocks
of cocaine with money supplied by the officer through the Jefferson County Task Force. In
addition to hearing the testimony of the officer and the informant, the jury reviewed the
recording.

 The officers monitoring the perimeter of the residence followed Randle in his vehicle
as he left, but were not able to arrest him because Randle switched vehicles sometime later. 
Randle was arrested the following day.

 The officer field-tested the rocks sold to the informant and they tested positive for
cocaine. He put the cocaine from the transaction in a plastic bag, sealed it, and dated and put
his initials on it. He also noted on the bag the case number that related to the offense. He
secured it in a vault at the Jefferson County Narcotics Task Force office. He delivered the
evidence to the crime lab four days after he observed the drug transaction. The officer
explained that he did not deliver the evidence to the crime lab the day after the transaction,
which was a Friday, because he was involved in the follow-up investigation of Randle. The
officer waited until the next Monday to deliver it because the lab was closed on Saturday and
Sunday. 

 A forensics analyst at the Jefferson County Crime Lab also testified at trial. She
stated she removed the evidence from the vault for testing. Her testing confirmed the rocks
amounted to 2.32 grams of cocaine. She also put her initials on the plastic bag containing
the cocaine. The defense did not call any witnesses at trial.

 In a legal sufficiency review, an appellate court considers the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Generally, the trier of fact is the sole judge
of the facts proven and of the weight to be given the testimony. See Lancon v. State, 253
S.W.3d 699, 705 (Tex. Crim. App. 2008) ("Appellate courts should afford almost complete
deference to a jury's decision when that decision is based upon an evaluation of credibility."). 
 In a factual sufficiency review, the court considers the evidence in a neutral light. 
Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007). The issue is whether the
evidence supporting the conviction, although legally sufficient, is so weak that the fact-finder's determination is clearly wrong and manifestly unjust, or whether the contrary
evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's
determination is clearly wrong and manifestly unjust. Id. 

 A person commits the offense of delivery of cocaine, a substance in Penalty Group
1, if he knowingly or intentionally delivers the controlled substance. See Tex. Health &
Safety Code Ann. §§ 481.102(3)(D) (Vernon Supp. 2008); 481.112(a) (Vernon 2002). 
"Deliver" means "to transfer, actually or constructively, to another a controlled substance .
. . , regardless of whether there is an agency relationship. . . ." Tex. Health & Safety Code
Ann. § 481.002(8) (Vernon Supp. 2008). Actual delivery consists of transferring or
surrendering "'the real possession and control of a controlled substance from one person to
another person.'" Heberling v. State, 834 S.W.2d 350, 354 (Tex. Crim. App. 1992) (quoting
Conaway v. State, 738 S.W.2d 692, 695 (Tex. Crim. App. 1987); see also Ex parte Perales,
215 S.W.3d 418, 420 (Tex. Crim. App. 2007). "Transfer" is the "voluntary relinquishment
of possession in favor of another." Thomas v. State, 832 S.W.2d 47, 51 (Tex. Crim. App.
1992). The indictment charged Randle with having intentionally and knowingly delivered
a controlled substance by actual transfer, and the jury charge reflects an instruction with
similar content.

 In challenging the legal and factual sufficiency of the evidence supporting his
conviction, Randle claims there is insufficient evidence that Randle knowingly and
intentionally possessed the cocaine, or that the cocaine that was tested was the same that he
allegedly possessed. Through audio and video equipment, the officer observed Randle give
the informant the first three rocks of cocaine. The officer also heard Randle tell the
informant to get more cocaine out of Randle's vehicle. After the informant retrieved the
drugs and brought them inside, the officer saw the informant give the cocaine from the
vehicle to Randle, who cut it into five more pieces. The jury heard the testimony of the
officer and the informant, and reviewed the recording of the transaction. Randle knew he
had more cocaine in his car, and the fact that he sent the informant to retrieve it does not
establish Randle did not possess or transfer the cocaine. Actual transfer can be effected by
making drugs available to another. See Nevarez v. State, 767 S.W.2d 766, 768 (Tex. Crim.
App. 1989); see also Rodriguez v. State, 970 S.W.2d 66, 69 (Tex. App.--Houston [14th Dist.]
1998, pet. ref'd) (Delivery by actual transfer was effectuated by the defendant's telling the
undercover officer that the cocaine was in a shoe box). Randle voluntarily surrendered
possession of the cocaine to the informant. The jury heard testimony establishing that the
substance Randle delivered was tested and determined to be cocaine. 

 The evidence is legally and factually sufficient to support the verdict. Viewing the
record in the light most favorable to the verdict, a rational jury could have concluded beyond
a reasonable doubt that Randle knowingly or intentionally delivered cocaine to the informant. 
Furthermore, a neutral view of the entire record does not demonstrate that the proof of guilt
is so obviously weak as to undermine confidence in the jury's determination, nor does it
demonstrate that the proof of guilt is greatly outweighed by contrary proof. Appellant's issue
is overruled. The trial court's judgment is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on July 1, 2009

Delivered July 29, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.