**Jasper Ray WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64132.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 24, 1982.

Ellis C. McCullough, court appointed, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann and Tom Royce, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated rape. After the jury returned a verdict of guilty and a presentence investigation was made in accordance with appellant's request, the court assessed punishment at fifteen years.

Appellant contends that the evidence is insufficient to support the conviction. The prosecutrix and a female friend after leaving work and shopping in downtown Houston were headed toward a bus stop when a man identified as appellant stuck a gun in prosecutrix' side. Appellant said he would "blow our heads off" if we said anything or screamed. Appellant and a companion then walked prosecutrix and her friend two blocks to a vehicle and then proceeded in it to the Oasis Motel. Prosecutrix was told by appellant to do what he said and she would not get hurt. Once they arrived at a motel room, appellant, with gun in hand, told prosecutrix and her friend to take off their clothes. After prosecutrix refused to take off her clothes appellant slapped her, prosecutrix hit him and appellant then hit her in the face with his fist. The prosecutrix undressed and appellant held a blanket over her face. The prosecutrix related "he raped me" and answered in the affirmative to a question about whether appellant's penis penetrated her vagina. While appellant was raping her, prosecutrix stated that appellant had the gun in his hand. Before leaving the motel room appellant took eighty-seven dollars from her purse. Prosecutrix testified that she was afraid appellant was going to "kill us."

█ We find appellant's reliance on *Rogers v. State,* 575 S.W.2d 555 (Tex.Cr.App.) to be misplaced. Unlike *Rogers,* appellant in the instant case had a gun, the prosecutrix was threatened with imminent harm and was afraid appellant would kill her and her companion. We find the evidence sufficient to sustain the conviction. V.T.C.A. Penal Code, Sec. 21.03.

Appellant contends that the court erred in admitting into evidence a judgment in Cause No. 22,4359, *State of Texas v. Jasper Ray Williams,* in that there was no showing

that the individual named therein was appellant.

Neither this nor any other prior conviction was alleged for enhancement of punishment in the indictment.

At the punishment hearing, appellant, his counsel and counsel for the State stipulated that appellant was one and the same person as the Jasper Ray Williams that received probation on May 14, 1975 in Cause No. 22,4359.

Appellant points to the fact that the stipulation was oral and urges that under Art. 1.15, V.A.C.C.P.[1] it is necessary that such a stipulation be in writing and filed with the papers in the cause.

In *Duran v. State,* 552 S.W.2d 840 (Tex. Cr.App.), relied on by appellant, a conviction for possession of heroin was reversed where the proof of the contents of a package seized from the defendant was proven by oral stipulation. This Court found that the State failed to follow the statutory requirement of Art. 1.15, supra and the stipulation could not be considered.

In *Stribling v. State,* 542 S.W.2d 418 (Tex.Cr.App.), this Court upheld the trial court's admission of a penitentiary packet containing a prior conviction at the punishment stage of the trial where it was stipulated by defendant's counsel that the defendant was the same person as named in the former conviction. While the defendant did not join in the stipulation, we noted that he acquiesced in it. The defendant's complaint that the court erred in admitting the pen packet because he did not personally join in the stipulation was rejected.

█ Art. 1.15, supra, speaks to the evidence that is necessary for the State to introduce to support the guilt of the accused in a trial before the court. See Special Commentary following Art. 1.15, supra, by the Honorable John F. Onion, Jr. In the instant case the stipulation came at the punishment stage of the trial after the jury returned a verdict of guilty. We find appellant's reliance on Art. 1.15, supra, and *Duran v. State,* supra, to be misplaced. We find that the oral stipulation introduced at the punishment stage of the trial as to appellant being the same person as the one named in the prior conviction, joined in by appellant, his counsel and counsel for the State to be sufficient to establish the fact sought to be proved.

█ Further, it must be borne in mind that the punishment hearing was before the court and it is presumed that the court disregarded any evidence that was inadmissible. *Komurke v. State,* 562 S.W.2d 230 (Tex.Cr.App.).

The judgment is affirmed.

1. Art. 1.15, V.A.C.C.P. provides:

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."