NO. 07-07-0302-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 31, 2008

_____

RENE GONZALES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY;

NO. 2003-215; HON. TODD BLOMERTH, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER ON MOTION FOR REHEARING

By opinion dated October 3, 2008, this court affirmed the trial court's judgments regarding appellant's convictions and sentences for the offenses of aggravated kidnapping and aggravated sexual assault. Pursuant to Rule 49.1 of the Texas Rules of Appellate Procedure, appellant has filed a motion for rehearing contending that this court erroneously decided the issues presented as well as failed to address his request to modify the judgment to reflect the correct degree of felony regarding the aggravated kidnapping conviction. Even with the additional briefing and the presentment of more recent cases

regarding the issue of double jeopardy, we remain convinced that the issues in the case were properly decided; however, we acknowledge that we failed to take any action on appellant's request to modify the aggravated kidnapping judgment to reflect the correct degree of felony. We grant the motion for rehearing, withdraw our opinion of October 3, 2008, and substitute the following opinion:

OPINION ON REHEARING

Appellant, Rene Gonzales, appeals his conviction for the offenses of aggravated kidnapping and aggravated sexual assault and sentences of five years incarceration and fine of $10,000 on each count. We modify the judgment of aggravated kidnapping and affirm the judgment of aggravated sexual assault.

Background

On November 10, 2002, appellant and the complainant were married and living together in a trailer located in Caldwell County. After a late night, appellant arrived at their home and began to undress to get ready for bed. While appellant undressed, the complainant observed a "hickey" on appellant and became upset because she assumed appellant had been cheating on her. The complainant decided to go to another room to sleep separate from appellant but appellant followed her. Although the complainant resisted appellant's advances, appellant forced himself on the complainant and sexually assaulted her by inserting his male sexual organ into her female sexual organ. Appellant then left the room and locked the complainant in the room. The complainant fell asleep but, upon waking, called out to appellant to release her. Instead, appellant returned and proceeded to sexually assault complainant a second time. Appellant then locked her in the

room again. After the complainant's daughter began to call her cell phone, appellant entered the room and allowed the complainant to briefly speak to her daughter. After the phone call, the complainant informed appellant that she was going to file for divorce. Appellant then proceeded to assault the complainant a third time. After the complainant began to resist again, appellant obtained a shotgun and threatened her. Appellant pointed the gun at the complainant and then proceeded to place the barrel of the shotgun into the complainant's sexual organ. Eventually, appellant released the complainant but warned her that he would have someone watching her. The complainant went to work the next day but said nothing to her coworkers. Eventually, the complainant left her work and went to the hospital for a checkup where she revealed the facts of the assault to a nurse. Because of the lack of proper equipment, the doctor had the complainant transferred to another hospital where a rape exam was performed.

Appellant was arrested and charged by indictment. On the first count, appellant was charged by four paragraphs with aggravated kidnapping; each of the paragraphs charged appellant with aggravated kidnapping, differing only in the aggravating factor. Appellant was also charged with two counts of aggravated sexual assault. At trial, the jury found appellant not guilty of one count of aggravated sexual assault, but found appellant guilty of one count of aggravated kidnapping and one count of aggravated sexual assault. Upon conviction, the jury assessed punishment at five years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000 for each offense, but recommended that appellant be placed on community supervision.

Appellant appeals his convictions and sentences by three issues. First, appellant contends that the trial court erred by failing to admit testimony of two witnesses to show

-3-

that the complainant retracted her report to law enforcement that appellant had raped her. Additionally, appellant contends that the conviction for aggravated sexual assault is barred by Double Jeopardy because the conviction is a lesser-included offense of aggravated kidnapping. Finally, as to the aggravated kidnapping offense, appellant contends that the trial court erred in instructing the jury that it did not need to agree on one single theory regarding the commission of the offense, but that the jury could depend on any of the four aggravating factors to return a conviction for aggravated kidnapping. Additionally, appellant directs us to the record upon which the State informs the trial court that it is proceeding on the aggravated kidnapping count as a second degree felony. We modify the judgment on aggravated kidnapping and affirm the judgment on aggravated sexual assault.

### Exclusion of Witness Testimony

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000); Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996); Montgomery v. State, 810 S.W.2d. 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). A reviewing court should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement. Green, 934 S.W.2d at 102. See also Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). If the trial judge's decision is correct on any theory of law applicable to the case, the decision will be sustained. See State v. Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

Appellant contends that the complainant told his mother that the complainant had fabricated the story and that appellant had never sexually assaulted her. Appellant

-4-

proffered the testimony of appellant's mother contending that the testimony was admissible as a hearsay exception. See TEX. R. EVID. 803(24). However, the complainant admitted on the witness stand that she had made statements to others that appellant had not raped her. Hence, appellant's mother's proffered testimony added no additional information and would have simply bolstered testimony already before the jury. See Cohn v. State, 849 S.W.2d 817, 820 (Tex.Crim.App. 1993) (prior consistent statement is prohibited when the sole purpose is to enhance the credibility of a witness).

As to the proffered testimony of the complainant's son, appellant contends that the son would have testified that he overheard the complainant at a Christmas party state that the sexual assault never happened. A review of the record demonstrates that appellant did not object to the exclusion of the son's testimony, but in fact agreed with the State that the statement at the Christmas party was consistent with the complainant's testimony. Hence, appellant waived any error in the exclusion of that testimony. See Jones v. State, 833 S.W.2d 118, 126 (Tex.Crim.App. 1992) (affirmative acceptance waives any error).

Appellant also contends that the complainant's son would have testified that complainant admitted the falsity of her allegations during a phone conversation immediately prior to the commencement of the trial. However, according to the son's testimony, proffered in a hearing outside the presence of the jury, the complainant did not state that the assault never occurred; rather, the complainant simply stated her reluctance to testify. As such, the trial court's ruling to exclude such testimony is within the zone of reasonable disagreement and is not subject to reversal by a reviewing court. See Green, 934 S.W.2d at 102.

We conclude that the trial court did not abuse its discretion in excluding the testimony of appellant's mother or the complainant's son. We overrule appellant's first and second issues.

## Double Jeopardy Issue

Next, appellant contends that the offense of aggravated sexual assault is a lesser-included offense of aggravated kidnapping as it was alleged in the indictment on which he was convicted. Specifically, appellant contends that the State was required to prove that appellant used a deadly weapon in committing the sexual assault, which was the same aggravating element in the kidnapping charge; thus, appellant contends he was convicted multiple times for the same offense. We disagree.

The "same elements" test first articulated by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed 306 (1932), is used by Texas courts to determine if two convictions constitute "multiple punishment" under double jeopardy. See Langs v. State, 183 S.W.3d 680, 685 (Tex.Crim.App. 2006). Further, the Texas courts have decided that the commission of a felony and a second felony that alleges the intent to commit the first felony are two distinct criminal acts and each offense requires the State to prove an element that the other does not. See id. at 686.

In reviewing the indictment and the jury charge in this case, Count I alleged four different means of committing the offense of aggravated kidnapping; however, only one of the paragraphs referred to a sexual assault in the commission of the offense of aggravated kidnapping. In that one paragraph that referenced a sexual assault as an aggravating factor of the aggravated kidnapping, appellant was alleged to have committed the

kidnapping by abducting the complainant "<u>with the intent to violate or abuse the complainant sexually</u>." (Emphasis added). In Count II of the indictment, appellant was charged with intentionally or knowingly sexually assaulting the complainant. Thus, by one paragraph of Count I, appellant was charged with committing a kidnapping aggravated by the <u>intent</u> to commit a sexual assault. This is a distinct criminal offense from the actual commission of aggravated sexual assault as alleged in Count II. <u>See</u> <u>id</u>. Hence, we conclude that, for each offense alleged, the State was required to prove an element that was not an element of the other alleged offense. <u>Id</u>. Therefore, the conviction for aggravated sexual assault is not barred by double jeopardy. We overrule appellant's issue.

<u>Jury Unanimity</u>

Finally, appellant contends that the trial court erred and that he suffered egregious harm due to the trial court's jury instruction that a unanimous verdict was not required for the offense of aggravated kidnapping. Although the State contends that Count I of the indictment listed different "manner and means" in which it charged appellant with one count of aggravated kidnapping, appellant contends that the statute created different types of aggravated kidnapping by separately listing the possible aggravating factors and, as a result, that the State charged appellant with multiple violations of the aggravated kidnapping statute. <u>See</u> TEX. PENAL CODE ANN. § 20.04(a) & (b) (Vernon 2003). Hence, appellant contends that the trial court erred in instructing the jury that it could find appellant guilty of aggravated kidnapping in general without having to agree on any one aggravating factor. Appellant contends that the statute defines kidnapping as a conduct-oriented offense and that jury unanimity is required as to the mode of commission. However,

appellant has cited no authority for his contention that aggravated kidnapping is a conduct-oriented offense.

Texas courts have long held that the State may plead alternate "manner and means" of the commission of the same offense. Willis v. State, 34 Tex.Crim. 148, 149, 29 S.W. 787, 788 (1895). An indictment may contain as many paragraphs as are necessary to allege the various manner and means of committing one alleged offense. Callins v. State, 780 S.W.2d 176, 182-83 (Tex.Crim.App.1986). If the statute in question establishes different manner and means by which the offense may be committed, unanimity is generally not required on the alternate manner and means of the offense's commission. Jefferson v. State, 189 S.W.3d 305, 312 (Tex.Crim.App. 2006). The State need not elect between various theories alleged in charging a single criminal act or event and the jury may consider all theories and return a general verdict of guilty. See Franklin v. State, 606 S.W.2d 818, 821 (Tex.Crim.App.1978); Rodriguez v. State, 970 S.W.2d 66, 69 (Tex.App.–Houston [14th Dist.] 1998, pet. ref'd).

When a specific act is criminalized because of its very nature, a culpable mental state applies to committing the act itself and, thus the offense is nature or conduct oriented. See Herrera v. State, 915 S.W.2d 94, 97 (Tex.App.–San Antonio 1996, no pet.). On the other hand, unspecified conduct that is criminalized only because of its result requires intent as to that result and is, therefore, a result-oriented offense. Id. We conclude that, as a matter of law, how a person commits a kidnapping, i.e., how the person restrains or prevents the liberation of another, does not make the offense conduct-oriented because the ultimate issue in a kidnapping offense is the abduction of the victim, i.e., the result. See Phillips v. State, 597 S.W.2d 929, 936 (Tex.Crim.App. 1980). Therefore, the

offense of kidnapping is a result-oriented offense. By extension, aggravated kidnapping is also a result-oriented offense which raises the level of culpability in a kidnapping by the addition of an aggravating circumstance, a specific intent defined by statute, being present at the time of the abduction. See id.

Having determined that aggravated kidnapping is a result-oriented offense, we can then determine whether the State alleged multiple violations of the same statute as appellant contends by determining the appropriate allowable unit of prosecution for aggravated kidnapping. See Miles v. State, 259 S.W.3d 240, 248 (Tex.App.–Texarkana 2008, no pet. h.) (to determine if a person has committed multiple violations of a single statute, we must determine the "allowable unit of prosecution" for that offense). By virtue of being a result-oriented offense, we conclude that the allowable unit of prosecution for the offense of aggravated kidnapping relates to the abduction of a victim. In other words, the State is allowed to prosecute a person for each victim kidnapped, not for the number of aggravating factors that may be present. In this case, the State alleged one victim and has sought only a single conviction for the offense of aggravated kidnapping, regardless of the number of aggravating factors alleged in Count I. Therefore, the trial court did not err in instructing the jury that it could consider all of the aggravating factors alleged by the State and return a general verdict of guilty for the offense of aggravated kidnapping. See Franklin, 606 S.W.2d at 821; Rodriguez, 970 S.W.2d at 69. We overrule appellant's third issue.

### Reformation of Aggravated Kidnapping Judgment

As a footnote, appellant directed this court to a portion of the transcript of the punishment hearing demonstrating that the State presented the indictment of aggravated

kidnapping as a second degree felony; however, the judgment of the offense lists the offense as a first degree felony.[1] A review of the record of the punishment hearing reveals that the trial court, upon the request of the State, asked both sides as to the existence of a stipulation agreeing that Count I, "as alleged and as the evidence came in," was a second-degree felony aggravated kidnapping. Both sides affirmatively answered as to the stipulation. Further, the court charged the jury as to the punishment range on aggravated kidnapping as a second degree felony. We conclude that an oral stipulation can be sufficient to support appellant's position that the judgment of aggravated kidnapping should be modified to accurately reflect the conviction to be a second degree felony. See Stringer v. State, 241 S.W.3d 52, 58-59 (Tex.Crim.App. 2007); Williams v. State, 641 S.W.2d 925, 926 (Tex.Crim.App. 1982). Consequently, we modify the judgment to reflect the degree of the offense of aggravated kidnapping in this case to be a second degree felony. See TEX. R. APP. P. 43.2(b).

## Conclusion

For the foregoing reasons, we affirm the trial court's judgment on aggravated sexual assault and modify the judgment on aggravated kidnapping.


Mackey K. Hancock
Justice

Publish.

---

[1] According to the Texas Penal Code, the defendant may raise the issue of whether he voluntarily released the victim in a safe place. See TEX. PENAL CODE ANN. § 20.04(d) (Vernon 2003). If the defendant proves the issue by a preponderance of the evidence, the offense of aggravated kidnapping is a second degree felony. See id.