Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00537-CR

Joaquin **ALVAREZ**,
Appellant

v.

**STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-1706
Honorable Mary Román, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:   July 15, 2009

REFORMED, AFFIRMED AS REFORMED

Appellant Joaquin Alvarez was tried by a jury and convicted of aggravated kidnaping and

sexual assault. In one issue on appeal, Alvarez asserts the trial court erred in overruling his objection

to the jury charge because the charge permitted the jury to convict him with a less than unanimous

verdict on either of two separate charges of aggravated kidnaping.[1] We reform the trial court's judgment, and affirm the judgment as reformed.[2]

## DISCUSSION

A unanimous jury verdict is required in all criminal cases. *Ngo v. State*, 175 S.W.2d 738, 745 (Tex. Crim. App. 2005). The jury must agree that the defendant committed one specific crime. *Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008). This does not mean, however, that the jury must unanimously find that the defendant committed that crime in one specific way or even with one specific act. *Id*.

Alvarez's complaint in this appeal relates to his conviction for aggravated kidnaping. Aggravated kidnaping is defined in section 20.04 of the Texas Penal Code:

(a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

(1) hold him for ransom or reward;

(2) use him as a shield or hostage;

(3) *facilitate the commission of a felony* or the flight after the attempt or commission of a felony;

(4) inflict bodily injury on him or *violate or abuse him sexually*;

---

[1] The record contains two separate judgments, one pertaining to the aggravated kidnaping conviction (Count I) and another pertaining to the sexual assault conviction (Count II). Alvarez's only complaint on appeal is as to the aggravated kidnaping conviction. He does not bring an issue relating to his conviction for sexual assault. Thus, this opinion pertains only to the judgment for aggravated kidnaping.

[2] Both Alvarez and the State agree that the trial court's judgment for aggravated kidnaping contains a clerical error regarding Alvarez's sentence. The judgment will, therefore, be reformed to reflect a life sentence for aggravated kidnaping (Count I) as pronounced in open court by the trial judge. *See Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App.1986) (stating judgment and sentence may be reformed on appeal when the appellate court has the necessary data and evidence before it); TEX. R. APP. P. 43.2 (providing appellate courts may modify the trial court's judgment and affirm it as modified).The sexual assault judgment remains unchanged.

(5) terrorize him or a third person; or

(6) interfere with the performance of any governmental or political function.

TEXAS PENAL CODE ANN. § 20.04(a) (Vernon 2003) (emphasis added).

In this case, Alvarez was indicted, under Count I, in two paragraphs, for the offense of aggravated kidnaping. Paragraph A charged Alvarez with kidnaping "with the intent to FACILITATE THE COMMISSION OF A FELONY." Paragraph B charged Alvarez with kidnaping "with the intent to VIOLATE AND ABUSE SEXUALLY THE COMPLAINANT." Thus, the indictment charged Alvarez with aggravated kidnaping under sections 20.04(a)(3) and (4) of the Texas Penal Code.

During the charge conference, Alvarez objected to the submission of the two paragraphs in Count I in the disjunctive, asserting it would give the State two chances to convict Alvarez under that count. The trial court overruled the objection and submitted the two paragraphs in the disjunctive. The jury returned a verdict of guilty of aggravated kidnaping "as charged in the indictment." Alvarez's specific complaint on appeal is that the court's charge permitted the jury to convict him of aggravated kidnaping even though some jurors may have believed he acted with intent to facilitate the commission of a felony and others may have believed he acted with intent to abuse the complainant sexually. Thus, according to Alvarez, he was denied the right to a unanimous jury verdict.

The same argument Alvarez advances has been considered by two other Texas appellate courts. In *Gonzales v. State*, the appellant was charged, in four paragraphs, under one count, with aggravated kidnaping. 270 S.W.3d 282, 285 (Tex. App.—Amarillo 2008, pet. ref'd). Each paragraph charging the appellant with aggravated kidnaping differed only in the aggravating factor. *Id*. As in

the case before us, the appellant in *Gonzales* argued that "the [aggravated kidnaping] statute created different types of aggravated kidnapping by separately listing the possible aggravating factors and, as a result, that the State charged appellant with multiple violations of the aggravated kidnapping statute." *Id*. at 287-88. Thus, according to the appellant in *Gonzales*, the jury could find the appellant guilty of aggravated kidnaping without having to agree on any one aggravating factor, thus violating his right to a unanimous verdict. *Id*. at 288. As here, the State in *Gonzales* argued that the indictment merely listed different "manner and means" in one count in which it charged appellant with aggravated kidnaping. *Id*. at 287. Thus, according to the State, the disjunctive submission in the charge did not violate the appellant's right to a unanimous verdict on the aggravated kidnaping charge.

The Amarillo court began its analysis by recognizing that "Texas courts have long held that the State may plead alternate 'manner and means' of the commission of the same offense." *Id.* at 288 (citing *Willis v. State*, 29 S.W. 787, 788 (1895)). An indictment may contain as many paragraphs as are necessary to allege the various manner and means of committing one alleged offense. *Id.* (citing *Callins v. State*, 780 S.W.2d 176, 182-83 (Tex. Crim. App. 1986)). And if the statute establishes different manner and means by which the offense may be committed, unanimity is generally not required on the alternate manner and means of the offense's commission. *Id.* (citing *Jefferson v. State*, 189 S.W.3d 305, 312 (Tex. Crim. App. 2006)).

In determining whether the aggravated kidnaping statute's aggravating factors provided different manner and means by which the offense may be committed, the Amarillo court discussed whether the offense is conduct-oriented or result-oriented. *Id.* The court concluded that kidnaping and, by extension, aggravated kidnaping, are result-oriented offenses because the ultimate issue is

the abduction of the victim, *i.e.*, the result. *Id.* The next step in the analysis was to determine the appropriate allowable unit of prosecution for aggravated kidnaping. *Id.* The court concluded that the allowable unit of prosecution for the offense of aggravated kidnaping relates to the abduction of a victim. *Id*.

> In other words, the State is allowed to prosecute a person for each victim kidnapped, not for the number of aggravating factors that may be present. In this case, the State alleged one victim and has sought only a single conviction for the offense of aggravated kidnapping, regardless of the number of aggravating factors alleged in Count I.

*Id.* Thus, according to the Amarillo court, the jury was allowed to consider all of the aggravating factors alleged by the State and return a general verdict of guilty for the offense of aggravated kidnaping. *Id.* at 288-89.

Even more recently, the Fort Worth court considered the same issue in *Dickson v. State*, No. 02-08-00050-CR, 2009 WL 976019 (Tex. App.—Fort Worth April 9, 2009, pet. filed) (mem. op.) (not designated for publication). The appellant in *Dickson* complained that he was denied a unanimous verdict because the jury charge submitted multiple aggravated kidnaping factors to the jury disjunctively. *Id*. at *8. The Fort Worth court adopted the *Gonzales* court's analysis, stating:

> The charge required juror unanimity on the gravamen of the offense, namely, that Appellant abducted [the complainant] with the intent to prevent his liberation; the disjunctive portions of the charge pertain only to the means and manner of committing the offense and the aggravating circumstances. The trial court did not err by submitting the alternative means and aggravating factors to the jury disjunctively, and such submission did not deprive Appellant of a unanimous verdict.

*Id*.

We agree with both the Amarillo and Fort Worth courts' analyses and holdings. As Alvarez was charged with aggravated kidnaping of only one victim, the State was allowed to prosecute Alvarez for aggravated kidnaping based on the one victim, regardless of the number of aggravating

factors alleged and submitted to the jury. Therefore, we hold in this case that Alvarez was not denied a unanimous verdict for the offense of aggravated kidnaping. We affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish