•           •           • 
 • • •




MEMORANDUM OPINION

No. 04-09-00576-CR

Manuel RANGEL,
Appellant

v.

The STATE of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-0985
Honorable Sid L. Harle, Judge Presiding
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: June 2, 2010

AFFIRMED IN PART; VACATED IN PART
            Manuel Rangel appeals his conviction on six counts of aggravated sexual assault and three
counts of aggravated kidnapping. In his sole issue, Rangel asserts his right to be free from double
jeopardy was violated when he was convicted of three counts of aggravated kidnapping arising out
of a single criminal transaction involving a single victim. The State concedes the indictment
erroneously alleged alternate aggravating factors as three separate counts of aggravated kidnapping. 
We agree, and vacate the judgments on two of the aggravated kidnapping counts.
Factual and Procedural Background
                The charges against Rangel arose out of an encounter with a woman at a party on the night
and early morning of November 9-10, 2007. Rangel and Valerie Fuentes met at a nightclub, and
later left the club together and went to an after-party at Rangel’s friends’s house. Rangel offered to
drive Fuentes home and they left at approximately 3:30 a.m. As Rangel was driving Fuentes home,
he turned into a wooded area, telling Fuentes he wanted to talk. When Fuentes stated she wanted
to go home, Rangel became violent, punching her and beating her with his belt. Rangel threatened
to kill Fuentes if she did not do what he wanted. Rangel then forced Fuentes to remove her clothes
and sexually assaulted her. When Fuentes tried to run away, Rangel caught her and placed his belt
around her neck like a leash before forcing her back into the car. Rangel drove to his apartment,
forcing Fuentes to perform oral sex on him as he drove; he again threatened to kill her if she stopped. 
Once in his apartment, Rangel again sexually assaulted Fuentes; he then laid back and passed out. 
Fuentes was able to put on her clothes and leave the apartment, running to a nearby Shell gas station
where she locked herself in the restroom. A customer called 911, and when police arrived Fuentes
directed them to the unlocked apartment where they found Rangel passed out naked on the bed. 
Fuentes identified Rangel as her attacker.
            Rangel was indicted on six counts of aggravated sexual assault and three counts of
aggravated kidnapping arising out of the events on November 10, 2007. At trial, Rangel testified
that Fuentes was the sexual aggressor and they had rough consensual sex several times that night–
at the party, in the woods, and at his apartment. Rangel stated Fuentes became angry when she
realized he had a girlfriend. The jury convicted Rangel on all nine counts. The court assessed
punishment at twenty years’ imprisonment on each count, to be served concurrently. Nine separate
judgments were entered. Rangel timely appealed.
Analysis
            On appeal, Rangel only challenges his conviction on the three counts of aggravated
kidnapping. He contends that he has received multiple punishments for the same offense in violation
of the Double Jeopardy Clause contained in the state and federal constitutions. See U.S. Const.
amends. V, XIV; Tex. Const. art. I, § 14; Illinois v. Vitale, 447 U.S. 410, 415 (1980); Lopez v.
State, 108 S.W.3d 293, 295-96 (Tex. Crim. App. 2003). A double jeopardy claim may be raised for
the first time on appeal if: (1) the undisputed facts show the double jeopardy violation is clearly
apparent on the face of the record; and (2) enforcement of the rules of procedural default would serve
no legitimate state interest. Gonzalez v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). The State
concedes that those requirements are met in this case, and we agree.
            The two basic elements of aggravated kidnapping are (1) intentionally or knowingly
abducting another person, i.e., kidnapping, and (2) commission of an aggravating factor. Laster v.
State, 275 S.W.3d 512, 521 (Tex. Crim. App. 2009). The elements of kidnapping are that the
defendant intentionally or knowingly restrained the victim with the intent to prevent liberation by
using or threatening to use deadly force. Padgett v. State, 683 S.W.2d 453, 456 (Tex. App.—San
Antonio 1983, no pet.). A kidnapping rises to the level of an aggravated offense when the abduction
is committed with either the specific intent to accomplish one of six purposes, or the use or
exhibition of a deadly weapon during the offense. Tex. Penal Code Ann. § 20.04(a), (b) (Vernon
2003); Laster, 275 S.W.3d at 521. The six specific purposes are: (1) to hold the victim for ransom
or reward; (2) to use the victim as a shield or hostage; (3) to facilitate the commission of a felony,
or flight after the attempt or commission of a felony; (4) to inflict bodily injury on the victim, or
violate or abuse the victim sexually; (5) to terrorize the victim or a third person; or (6) to interfere
with the performance of a governmental or political function. Tex. Penal Code Ann. § 20.04(a);
Padgett, 683 S.W.2d at 457 (aggravating circumstance under section 20.04(a) which raises level of
culpability from kidnapping to aggravated kidnapping is presence of one of six specific intents at the
time of abduction).
            Aggravated kidnapping is a result-oriented offense, with the ultimate issue being the
abduction of the victim, i.e., the result. Phillips v. State, 597 S.W.2d 929, 936 (Tex. Crim. App.
1980); Gonzales v. State, 270 S.W.3d 282, 288 (Tex. App.—Amarillo 2008, pet. ref’d). Therefore,
the “allowable unit of prosecution” for an aggravated kidnapping offense correlates to each victim
abducted; in other words, the State may prosecute a person for each victim kidnapped, not for the
number of aggravating factors that may be present. Gonzales, 270 S.W.3d at 288; Alvarez v. State,
No. 04-08-00537-CR, 2009 WL 2045204, at *2-3 (Tex. App.—San Antonio July 15, 2009, pet.
dismissed) (mem. op., not designated for publication) (adopting the reasoning in Gonzales). It is
well established that the State may plead alternate “manner and means” of committing a single
offense when the statute provides for different modes or means of committing the offense, and jury
unanimity is not required on any specific “manner and means.” Willis v. State, 34 Tex. Crim. 148,
29 S.W. 787, 788 (1895); Jefferson v. State, 189 S.W.3d 305, 312-13 (Tex. Crim. App. 2006). Thus,
when the State alleges one victim and seeks a single conviction for aggravated kidnapping, but
alleges several alternate aggravating factors in the indictment, the jury can consider all the
aggravating factors alleged and return a general verdict of guilty for the offense of aggravated
kidnapping. Gonzales, 270 S.W.3d at 288-89; see Franklin v. State, 606 S.W.2d 818, 821 (Tex.
Crim. App. 1978); see also Dickson v. State, Nos. 02-08-00050-CR & 02-08-00051-CR, 2009 WL
976019, at *7 (Tex. App.—Fort Worth April 9, 2009, pet. ref’d) (not designated for publication).
            Here, all nine counts


 alleged in the indictment arose out of one continuous criminal episode
between Rangel and Fuentes on November 10, 2007. The face of the indictment clearly shows that
Counts VII, VIII, and IX


 allege a single offense of aggravated kidnapping committed against a
single victim on November 10, 2007, but with three alternate aggravating factors. Specifically, the
three counts allege Rangel intentionally and knowingly abducted Fuentes with the specific intent to
violate and abuse her sexually (Count VII), to inflict bodily injury on her (Count VIII), and to
terrorize her (Count IX). See Tex. Penal Code Ann. § 20.04(a)(4), (5). The three counts also
allege another alternate aggravating factor–that Rangel used or exhibited a deadly weapon during
commission of the offense. See id. § 20.04(b). As the State concedes, Rangel’s indictment
erroneously labeled the allegations of different aggravating factors, i.e., alternate manners and means
of committing a single aggravated kidnapping offense, as separate counts instead of separate
paragraphs of a single count. See Gonzales, 270 S.W.3d at 288 (indictment may contain as many
paragraphs as necessary to allege the various manner and means of committing one alleged offense);
Fowler v. State, 240 S.W.3d 277, 280 (Tex. App.—Austin, 2007, pet. ref’d) (generally, a “count”
charges the offense itself, and a “paragraph” is the part of a count that alleges the method of
committing the offense); Watkins v. State, 946 S.W.2d 594, 601 (Tex. App.—Fort Worth 1997, pet.
ref’d) (the substance of the allegation in indictment, rather than the label attached, determines
whether an allegation is a count or a paragraph). Given the error in the indictment, we must next
determine the appropriate remedy on appeal.
            As a result of the error in the indictment, instead of being convicted of and punished for a
single count of aggravated kidnapping, Rangel was convicted of three counts of aggravated
kidnapping and received three separate punishments of 20 years each, although the sentences run
concurrently. The parties agree that Rangel is entitled to relief and that the proper remedy for this
type of double jeopardy violation is to vacate the judgments on two of the aggravated kidnapping
“counts.” Recognizing that all three “counts” of aggravated kidnapping are equally serious first
degree felonies for which the same 20-year sentence was imposed, Rangel and the State agree that
the judgments on the last two counts, “Count VIII” and “Count IX,” should be vacated. See Bigon
v. State, 252 S.W.3d 360, 372-73 (Tex. Crim. App. 2008) (when defendant is subjected to multiple
punishments for the same conduct in violation of double jeopardy prohibition, the remedy is to
affirm the conviction for the most serious offense and vacate the other convictions). We agree that
vacating the judgments on Counts VIII and IX is the appropriate remedy.
            The parties disagree as to whether the judgment on the remaining count of aggravated
kidnapping should be reformed. Rangel requests that we permit the judgment on the remaining
aggravated kidnapping count to stand as it is, reflecting a general verdict of “guilty” on Count VII. 
The State requests that we reform the judgment on Count VII to reflect the jury findings on the
alternative aggravating factors in rendering three verdicts of “guilty.” See Bigley v. State, 865
S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (stating that the appellate court has power to reform
incorrect judgments). Noting that the jury returned three separate verdicts finding Rangel “guilty”
of all the alternative means of committing aggravated kidnapping, the State suggests that we “reform
the judgment on the remaining sole count of aggravated kidnapping to reflect the jury’s unanimity
on the three alternate manners and means of committing the offense by subsuming the mislabeled
‘counts’ as ‘paragraphs’ under count VII.” In support of its request, the State relies solely on
Watkins v. State, 946 S.W.2d 594, 602 (Tex. App.—Fort Worth 1997, pet. ref’d). However, Watkins
does not support the State’s position. In Watkins, the appellant argued separate verdicts should have
been returned on each of four “counts” alleging aggravated sexual assault. Id. at 600. The court
determined that each purported “count” simply alleged a different method of committing the offense,
however, and thus the four “counts” were really four “paragraphs” of one count. Id. at 601. The
court noted that improperly labeling paragraphs as counts does not transform them into “counts.” 
Id. (holding that the portions of indictment that allege alternate means of committing the same
offense remain “paragraphs” regardless of the terms used in preparing the indictment). Relying on
Aguirre v. State, in which the Court of Criminal Appeals held a general verdict is proper where
different ways of committing the same offense are alleged, the Watkins court reformed the trial
court’s judgment stating, “General Verdict of Guilty Counts One, Two, Three, Four” to instead
merely reflect a general verdict of “Guilty” of aggravated sexual assault. Id. at 601-02 (citing
Aguirre v. State, 732 S.W.2d 320, 326-27 (Tex. Crim. App. 1987)).
            In Rangel’s case, the jury returned three separate verdicts finding him guilty of three “counts”
of aggravated kidnapping, and three separate judgments reflecting a general verdict of “guilty” were
entered. As alleged in the indictment, and submitted in the jury charge, each of the three “counts”
contained two, alternative aggravating factors submitted in the disjunctive–use of a deadly weapon,
or possession of a particular specific intent. See Tex. Penal Code Ann. § 20.04(a), (b). Based on
the return of a general verdict, we are unable to determine which theory formed the basis of the jury’s
verdict; indeed, jury unanimity as to which particular aggravating factor existed was not required
under a general verdict. See Jefferson, 189 S.W.3d at 312-13; Aguirre, 732 S.W.2d at 326; see also
Gonzales, 270 S.W.3d at 288-89 (holding that where indictment alleged aggravated kidnapping of
one victim with four different aggravating factors, jury unanimity was not required as to the
aggravating factor and general verdict of guilty was appropriate). Therefore, it would not be
appropriate to reform the judgment on Count VII to reflect jury findings as to a particular
aggravating factor. The judgment on the remaining count of aggravated kidnapping, Count VII, is
correct in that it simply reflects a general verdict of guilty.
            Accordingly, based on the foregoing analysis, the trial court’s judgments on Counts VIII and 
IX are vacated, and the judgments on Counts I through VII are affirmed. 
 
Phylis J. Speedlin, Justice
 
DO NOT PUBLISH