*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


★ ★ ★        ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00576-CR

Manuel **RANGEL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-0985
Honorable Sid L. Harle, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:     Sandee Bryan Marion, Justice
        Phylis J. Speedlin, Justice
        Marialyn Barnard, Justice

Delivered and Filed: June 2, 2010

AFFIRMED IN PART; VACATED IN PART

Manuel Rangel appeals his conviction on six counts of aggravated sexual assault and three counts of aggravated kidnapping. In his sole issue, Rangel asserts his right to be free from double jeopardy was violated when he was convicted of three counts of aggravated kidnapping arising out of a single criminal transaction involving a single victim. The State concedes the indictment erroneously alleged alternate aggravating factors as three separate counts of aggravated kidnapping. We agree, and vacate the judgments on two of the aggravated kidnapping counts.

## FACTUAL AND PROCEDURAL BACKGROUND

The charges against Rangel arose out of an encounter with a woman at a party on the night and early morning of November 9-10, 2007. Rangel and Valerie Fuentes met at a nightclub, and later left the club together and went to an after-party at Rangel's friends's house. Rangel offered to drive Fuentes home and they left at approximately 3:30 a.m. As Rangel was driving Fuentes home, he turned into a wooded area, telling Fuentes he wanted to talk. When Fuentes stated she wanted to go home, Rangel became violent, punching her and beating her with his belt. Rangel threatened to kill Fuentes if she did not do what he wanted. Rangel then forced Fuentes to remove her clothes and sexually assaulted her. When Fuentes tried to run away, Rangel caught her and placed his belt around her neck like a leash before forcing her back into the car. Rangel drove to his apartment, forcing Fuentes to perform oral sex on him as he drove; he again threatened to kill her if she stopped. Once in his apartment, Rangel again sexually assaulted Fuentes; he then laid back and passed out. Fuentes was able to put on her clothes and leave the apartment, running to a nearby Shell gas station where she locked herself in the restroom. A customer called 911, and when police arrived Fuentes directed them to the unlocked apartment where they found Rangel passed out naked on the bed. Fuentes identified Rangel as her attacker.

Rangel was indicted on six counts of aggravated sexual assault and three counts of aggravated kidnapping arising out of the events on November 10, 2007. At trial, Rangel testified that Fuentes was the sexual aggressor and they had rough consensual sex several times that night– at the party, in the woods, and at his apartment. Rangel stated Fuentes became angry when she realized he had a girlfriend. The jury convicted Rangel on all nine counts. The court assessed

punishment at twenty years' imprisonment on each count, to be served concurrently. Nine separate judgments were entered. Rangel timely appealed.

## ANALYSIS

On appeal, Rangel only challenges his conviction on the three counts of aggravated kidnapping. He contends that he has received multiple punishments for the same offense in violation of the Double Jeopardy Clause contained in the state and federal constitutions. *See* U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 14; *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Lopez v. State*, 108 S.W.3d 293, 295-96 (Tex. Crim. App. 2003). A double jeopardy claim may be raised for the first time on appeal if: (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record; and (2) enforcement of the rules of procedural default would serve no legitimate state interest. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). The State concedes that those requirements are met in this case, and we agree.

The two basic elements of aggravated kidnapping are (1) intentionally or knowingly abducting another person, i.e., kidnapping, and (2) commission of an aggravating factor. *Laster v. State*, 275 S.W.3d 512, 521 (Tex. Crim. App. 2009). The elements of kidnapping are that the defendant intentionally or knowingly restrained the victim with the intent to prevent liberation by using or threatening to use deadly force. *Padgett v. State*, 683 S.W.2d 453, 456 (Tex. App.—San Antonio 1983, no pet.). A kidnapping rises to the level of an aggravated offense when the abduction is committed with either the specific intent to accomplish one of six purposes, or the use or exhibition of a deadly weapon during the offense. TEX. PENAL CODE ANN. § 20.04(a), (b) (Vernon 2003); *Laster*, 275 S.W.3d at 521. The six specific purposes are: (1) to hold the victim for ransom or reward; (2) to use the victim as a shield or hostage; (3) to facilitate the commission of a felony,

or flight after the attempt or commission of a felony; (4) to inflict bodily injury on the victim, or violate or abuse the victim sexually; (5) to terrorize the victim or a third person; or (6) to interfere with the performance of a governmental or political function. TEX. PENAL CODE ANN. § 20.04(a); *Padgett*, 683 S.W.2d at 457 (aggravating circumstance under section 20.04(a) which raises level of culpability from kidnapping to aggravated kidnapping is presence of one of six specific intents at the time of abduction).

Aggravated kidnapping is a result-oriented offense, with the ultimate issue being the abduction of the victim, i.e., the result. *Phillips v. State*, 597 S.W.2d 929, 936 (Tex. Crim. App. 1980); *Gonzales v. State*, 270 S.W.3d 282, 288 (Tex. App.—Amarillo 2008, pet. ref'd). Therefore, the "allowable unit of prosecution" for an aggravated kidnapping offense correlates to each victim abducted; in other words, the State may prosecute a person for each victim kidnapped, not for the number of aggravating factors that may be present. *Gonzales*, 270 S.W.3d at 288; *Alvarez v. State*, No. 04-08-00537-CR, 2009 WL 2045204, at *2-3 (Tex. App.—San Antonio July 15, 2009, pet. dismissed) (mem. op., not designated for publication) (adopting the reasoning in *Gonzales*). It is well established that the State may plead alternate "manner and means" of committing a single offense when the statute provides for different modes or means of committing the offense, and jury unanimity is not required on any specific "manner and means." *Willis v. State*, 34 Tex. Crim. 148, 29 S.W. 787, 788 (1895); *Jefferson v. State*, 189 S.W.3d 305, 312-13 (Tex. Crim. App. 2006). Thus, when the State alleges one victim and seeks a single conviction for aggravated kidnapping, but alleges several alternate aggravating factors in the indictment, the jury can consider all the aggravating factors alleged and return a general verdict of guilty for the offense of aggravated kidnapping. *Gonzales*, 270 S.W.3d at 288-89; *see Franklin v. State*, 606 S.W.2d 818, 821 (Tex.

Crim. App. 1978); *see also Dickson v. State*, Nos. 02-08-00050-CR & 02-08-00051-CR, 2009 WL 976019, at *7 (Tex. App.—Fort Worth April 9, 2009, pet. ref'd) (not designated for publication).

Here, all nine counts[1] alleged in the indictment arose out of one continuous criminal episode between Rangel and Fuentes on November 10, 2007. The face of the indictment clearly shows that Counts VII, VIII, and IX[2] allege a single offense of aggravated kidnapping committed against a single victim on November 10, 2007, but with three alternate aggravating factors. Specifically, the three counts allege Rangel intentionally and knowingly abducted Fuentes with the specific intent to violate and abuse her sexually (Count VII), to inflict bodily injury on her (Count VIII), and to terrorize her (Count IX). *See* TEX. PENAL CODE ANN. § 20.04(a)(4), (5). The three counts also allege another alternate aggravating factor–that Rangel used or exhibited a deadly weapon during commission of the offense. *See id.* § 20.04(b). As the State concedes, Rangel's indictment erroneously labeled the allegations of different aggravating factors, i.e., alternate manners and means of committing a single aggravated kidnapping offense, as separate counts instead of separate paragraphs of a single count. *See Gonzales*, 270 S.W.3d at 288 (indictment may contain as many paragraphs as necessary to allege the various manner and means of committing one alleged offense); *Fowler v. State*, 240 S.W.3d 277, 280 (Tex. App.—Austin, 2007, pet. ref'd) (generally, a "count" charges the offense itself, and a "paragraph" is the part of a count that alleges the method of committing the offense); *Watkins v. State*, 946 S.W.2d 594, 601 (Tex. App.—Fort Worth 1997, pet. ref'd) (the substance of the allegation in indictment, rather than the label attached, determines

---

[1] The first six counts of the indictment form the basis for Rangel's convictions for aggravated sexual assault and are not challenged on appeal.

[2] The indictment mistakenly used the wrong Roman numeral for the ninth count, listing it as "Count VIX" instead of Count IX. We will refer to the ninth count using its proper numbering as "Count IX."

whether an allegation is a count or a paragraph). Given the error in the indictment, we must next determine the appropriate remedy on appeal.

As a result of the error in the indictment, instead of being convicted of and punished for a single count of aggravated kidnapping, Rangel was convicted of three counts of aggravated kidnapping and received three separate punishments of 20 years each, although the sentences run concurrently. The parties agree that Rangel is entitled to relief and that the proper remedy for this type of double jeopardy violation is to vacate the judgments on two of the aggravated kidnapping "counts." Recognizing that all three "counts" of aggravated kidnapping are equally serious first degree felonies for which the same 20-year sentence was imposed, Rangel and the State agree that the judgments on the last two counts, "Count VIII" and "Count IX," should be vacated. *See Bigon v. State*, 252 S.W.3d 360, 372-73 (Tex. Crim. App. 2008) (when defendant is subjected to multiple punishments for the same conduct in violation of double jeopardy prohibition, the remedy is to affirm the conviction for the most serious offense and vacate the other convictions). We agree that vacating the judgments on Counts VIII and IX is the appropriate remedy.

The parties disagree as to whether the judgment on the remaining count of aggravated kidnapping should be reformed. Rangel requests that we permit the judgment on the remaining aggravated kidnapping count to stand as it is, reflecting a general verdict of "guilty" on Count VII. The State requests that we reform the judgment on Count VII to reflect the jury findings on the alternative aggravating factors in rendering three verdicts of "guilty." *See Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (stating that the appellate court has power to reform incorrect judgments). Noting that the jury returned three separate verdicts finding Rangel "guilty" of all the alternative means of committing aggravated kidnapping, the State suggests that we "reform

the judgment on the remaining sole count of aggravated kidnapping to reflect the jury's unanimity on the three alternate manners and means of committing the offense by subsuming the mislabeled 'counts' as 'paragraphs' under count VII." In support of its request, the State relies solely on *Watkins v. State*, 946 S.W.2d 594, 602 (Tex. App.—Fort Worth 1997, pet. ref'd). However, *Watkins* does not support the State's position. In *Watkins*, the appellant argued separate verdicts should have been returned on each of four "counts" alleging aggravated sexual assault. *Id.* at 600. The court determined that each purported "count" simply alleged a different method of committing the offense, however, and thus the four "counts" were really four "paragraphs" of one count. *Id.* at 601. The court noted that improperly labeling paragraphs as counts does not transform them into "counts." *Id.* (holding that the portions of indictment that allege alternate means of committing the same offense remain "paragraphs" regardless of the terms used in preparing the indictment). Relying on *Aguirre v. State*, in which the Court of Criminal Appeals held a general verdict is proper where different ways of committing the same offense are alleged, the *Watkins* court reformed the trial court's judgment stating, "General Verdict of Guilty Counts One, Two, Three, Four" to instead merely reflect a general verdict of "Guilty" of aggravated sexual assault. *Id.* at 601-02 (citing *Aguirre v. State*, 732 S.W.2d 320, 326-27 (Tex. Crim. App. 1987)).

In Rangel's case, the jury returned three separate verdicts finding him guilty of three "counts" of aggravated kidnapping, and three separate judgments reflecting a general verdict of "guilty" were entered. As alleged in the indictment, and submitted in the jury charge, each of the three "counts" contained two, alternative aggravating factors submitted in the disjunctive–use of a deadly weapon, or possession of a particular specific intent. *See* TEX. PENAL CODE ANN. § 20.04(a), (b). Based on the return of a general verdict, we are unable to determine which theory formed the basis of the jury's

verdict; indeed, jury unanimity as to which particular aggravating factor existed was not required under a general verdict. *See Jefferson*, 189 S.W.3d at 312-13; *Aguirre*, 732 S.W.2d at 326; *see also Gonzales*, 270 S.W.3d at 288-89 (holding that where indictment alleged aggravated kidnapping of one victim with four different aggravating factors, jury unanimity was not required as to the aggravating factor and general verdict of guilty was appropriate). Therefore, it would not be appropriate to reform the judgment on Count VII to reflect jury findings as to a particular aggravating factor. The judgment on the remaining count of aggravated kidnapping, Count VII, is correct in that it simply reflects a general verdict of guilty.

Accordingly, based on the foregoing analysis, the trial court's judgments on Counts VIII and IX are vacated, and the judgments on Counts I through VII are affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH