# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00064-CR

**Franklin Aguilar-Estrada, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 427TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-18-904068, THE HONORABLE TAMARA NEEDLES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Franklin Aguilar-Estrada of two counts of sexual assault (Counts 1 and 2), *see* Tex. Penal Code § 22.011, and one of aggravated kidnapping (Count 4),[1] *see id.* § 20.04, and the trial court entered judgments on those verdicts. The State alleged sexual assault by contact in Count 1, *see id.* § 22.011(a)(1)(C), and by penetration in Count 2, *see id.* § 22.011(a)(1)(A). In Count 4, the State alleged that Aguilar-Estrada committed aggravated kidnapping by abducting the victim "with the intent to inflict bodily injury on [her] and to violate and abuse her sexually." *See id.* § 20.04(a)(4). In his only appellate issue, he contends that his punishments for Counts 1 and 2 are for the same offense as his punishment for Count 4, in violation of his double-jeopardy rights. We affirm.

---

[1] The State abandoned another count of sexual assault (Count 3) just before the close of the evidence.

## BACKGROUND

The State indicted Aguilar-Estrada for sexual assault in Counts 1 and 2 as follows:

> Franklin Aguilar-Estrada, on or about the 14th day of December, 2013, . . . intentionally and knowingly cause[d] the female sexual organ of [victim], without her consent, to contact the male sexual organ of the Defendant, and the Defendant compelled [her] to submit and participate by the use of physical force and violence, and [she] had not consented and the Defendant knew [she] was unconscious and physically unable to resist.
>
> . . . .
>
> . . . Franklin Aguilar-Estrada, on or about the 14th day of December, 2013, . . . intentionally and knowingly cause[d] the penetration of the anus of [victim] with the male sexual organ of the Defendant, without the consent of [victim], and the Defendant compelled [her] to submit and participate by the use of physical force and violence, and [she] had not consented and the Defendant knew [she] was unconscious and physically unable to resist.

(All-capitalization removed.) In Count 4, the State indicted him for aggravated kidnapping:

> Franklin Aguilar-Estrada, on or about the 14th day of December, 2013, . . . intentionally and knowingly abduct[ed] [victim] by restraining [her] with the intent to prevent her liberation by secreting and holding her in a place where she was not likely to be found and the Defendant did then and there restrict [her] movements without consent, so as to interfere substantially with her liberty, by moving her from one place to another and by confining her, and the Defendant accomplished this by force, intimidation, and deception, and with the intent to inflict bodily injury on [her] and to violate and abuse her sexually.

(All-capitalization removed.) The case proceeded to a jury trial.

During a break in the trial, the parties discussed the jury charge with the trial court. The court asked Aguilar-Estrada's counsel for any objections or requests in response to the State's proposed charge. Counsel said that he was "concerned with count four . . . , aggravated kidnapping," because:

2

> It's our position that if the jury would find him guilty of that count—because it doesn't allege or allow the jury to find that he committed that offense by sexually abusing [victim], that could be considered a lesser include—well, rather than the counts, it could be considered as a lesser-included offense as aggravated kidnapping. Because the other three allegations, counts B, C and D in the charge, obviously, deal with sexual assault.

The court overruled the objection, stating, "My answer on that matter is . . . that I believe that those are separate crimes and separate acts, that it's not a lesser included," "[s]o the aggravated kidnapping paragraph will stay unless—again, this is all preliminary"—"[b]ut your objection is so noted for the record."

During the later charge conference, the court asked Aguilar-Estrada's counsel for "any further arguments or discussions, objections to the charge." He responded, "Not other than what we have on the record." The jury convicted Aguilar-Estrada of Counts 1, 2, and 4, and he now appeals.

## APPLICABLE LAW AND STANDARD OF REVIEW

The Fifth Amendment to the Constitution of the United States, applicable to the states through the Fourteenth Amendment, forbids that "any person be subject for the same offense to be twice put in jeopardy of life or limb." This protection against double jeopardy affords defendants several rights, one of which prohibits "multiple punishments for the same offense." *See Philmon v. State*, 609 S.W.3d 532, 535 (Tex. Crim. App. 2020). "To determine whether two offenses are the 'same offense' for purposes of double jeopardy, we apply the 'same-elements' test, as set forth in *Blockburger v. United States*." *Id.* (citing 284 U.S. 299 (1932)). "Under the 'same-elements' test, 'two offenses are not the same if "each provision requires proof of a fact which the other does not."'" *Id.* (quoting *Bien v. State*, 550 S.W.3d 180, 184 (Tex. Crim. App. 2018)). "Additionally, the Supreme Court has long held that simply because an individual engaged

3

in only one 'culpable act,' he is not precluded from conviction and punishment for more than one offense." *Id.* (quoting *United States v. Dixon*, 509 U.S. 688, 704 (1993)). "If both offenses, as pleaded, have different elements under the *Blockburger* test, a judicial presumption arises that the offenses are different for double jeopardy purposes, and the defendant may be convicted and punished separately for each offense." *Id.* "That presumption, however, can be rebutted if it can be shown that the Legislature clearly intended only one punishment for both offenses." *Id.*

"In Texas, the *Blockburger* 'same-elements' test is informed only by the pleadings, and a reviewing 'court may not consider the evidence presented at trial' to make the determination." *Id.* at 535–36 (quoting *Ex parte Benson*, 459 S.W.3d 67, 73 (Tex. Crim. App. 2015)). "[E]ven where there is a substantial overlap in the proof required for each offense, the offenses are not the 'same offense' for double jeopardy purposes if each offense, as pleaded, requires at least one element not required by the other offense." *Id.* at 536.

"Once a presumption is raised that [two offenses] are different offenses under the *Blockburger* 'same-elements' test, we consider a non-exclusive set of factors we listed in *Ex parte Ervin* to determine whether the Legislature clearly intended only one punishment for these separate offenses." *Id.* (citing 991 S.W.2d 804, 814 (Tex. Crim. App. 1999)). Those factors are:

> whether the offenses provisions are contained within the same statutory section, whether the offenses are phrased in the alternative, whether the offenses are named similarly, whether the offenses have common punishment ranges, whether the offenses have a common focus (i.e. whether the "gravamen" of the offense is the same) and whether that common focus tends to indicate a single instance of conduct, whether the elements that differ between the offenses can be considered the "same" under an imputed theory of liability which would result in the offenses being considered the same under *Blockburger* (i.e. a liberalized *Blockburger* standard utilizing imputed elements), and whether there is legislative history

4

> containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes.

*Id.* (quoting *Ex parte Ervin*, 991 S.W.2d at 814).

## DISCUSSION

In his only appellate issue, Aguilar-Estrada contends that his punishments for sexual assault are for the same offense as his punishment for aggravated kidnapping and thus must be vacated as a double-jeopardy violation. He argues that his sexual assaults are the "same offense" as his aggravated kidnapping because the former are lesser included offenses of the latter.[2] *See Ex parte Castillo*, 469 S.W.3d 165, 168 (Tex. Crim. App. 2015) ("[L]esser-included offenses are legally the same as a greater offense, and are wholly subsumed by the elements of the greater offense, unless the potential lesser-included offense requires proof of a fact not required to establish the greater offense."). He says that they are lesser included offenses because he was charged with aggravated kidnapping based on an "intent to inflict bodily injury on [the victim] and to violate and abuse her sexually." *See* Tex. Penal Code § 20.04(a)(4).

Assuming without deciding that the aggravated-kidnapping statute's reference to sexual violation or sexual abuse is to the same conduct criminalized by the sexual-assault statute, Aguilar-Estrada's arguments fail because his indictment for aggravated kidnapping involved at most merely the *intent* to violate or abuse the victim sexually. Proof of that intent does not suffice

---

[2] The State argues that Aguilar-Estrada did not preserve his issue for appellate review because he did not make the objection in the trial court. However, in overruling his objections, which came before the charge was submitted to the jury, *see Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006), the trial court explained that the counts for sexual assault "are separate crimes and separate acts" and so were "not a lesser included" of aggravated kidnapping. This reasoning mirrors the standards governing multiple-punishments double-jeopardy complaints, and we conclude that Aguilar-Estrada has preserved his appellate issue accordingly.

to prove a sexual assault; the State would also have to prove penetration or contact. *See id.* § 22.011(a)(1)–(3). But penetration or contact are not elements of aggravated kidnapping as indicted here. *See generally id.* §§ 20.01(2), 20.04(a)(4). Thus, proving sexual assault required proof of an element—penetration or contact—that aggravated kidnapping did not require. And proving aggravated kidnapping required proof of an element—abduction—that sexual assault did not require. This satisfies the *Blockburger* test, *see Philmon*, 609 S.W.3d at 536,[3] so we continue to the *Ex parte Ervin* factors, *see Philmon*, 609 S.W.3d at 536 ("Once a presumption is raised that count one and count two are different offenses under the *Blockburger* 'same-elements' test, we consider a non-exclusive set of factors we listed in *Ex parte Ervin*.").

Sexual assault and aggravated kidnapping are in different statutory sections and chapters and thus are not phrased in the alternative. *See* Tex. Penal Code §§ 20.04, 22.011; *Ex parte Ervin*, 991 S.W.2d at 814. They are not named similarly. *See id.* §§ 20.04, 22.011. They, as indicted here, had divergent punishment ranges—a first-degree felony for aggravated kidnapping but second-degree felonies for sexual assault. *See id.* 20.04(c), 22.011(f); *see also id.* § 12.32(a) (imprisonment for 5 to 99 years for first-degree felonies), 12.33(a) (imprisonment for 2 to 20 years for second-degree felonies). They have different gravamina. The gravamen of aggravated kidnapping is abduction, *see Schweinle v. State*, 915 S.W.2d 17, 19 n.2 (Tex. Crim. App. 1996) (per curiam), whereas the gravamen of sexual assault is the penetration or contact with an orifice or sexual organ, *see* Tex. Penal Code § 22.011(a)(1)(A)–(C); *Jourdan v.*

---

[3] *See also Gonzales v. State*, 270 S.W.3d 282, 287 (Tex. App.—Amarillo 2008, pet. ref'd) ("[A]ppellant was charged with committing a kidnapping aggravated by the *intent* to commit a sexual assault. This is a distinct criminal offense from the actual commission of aggravated sexual assault . . . . Hence, we conclude that, for each offense alleged, the State was required to prove an element that was not an element of the other alleged offense. Therefore, the conviction for aggravated sexual assault is not barred by double jeopardy." (internal citations omitted)).

*State*, 428 S.W.3d 86, 96 (Tex. Crim. App. 2014) (analyzing analogous provisions of aggravated-sexual-assault statute); *Nickerson v. State*, 69 S.W.3d 661, 671 (Tex. App.—Waco 2002, pet. ref'd) (same). This difference indicates that the two statutes address different instances of conduct. The differing elements—here, abduction versus contact with a sexual organ or penetration—cannot be considered the same under an imputed-elements *Blockburger* standard because they "are not at all related." *See Philmon*, 609 S.W.3d at 540; *cf. Ex parte Ervin*, 991 S.W.2d at 815 (suggesting that under this standard intoxication can be "an imputed form recklessness"). Finally, no legislative history explicitly suggests that aggravated kidnapping and sexual assault should or should not be considered the same offense. The weight of all the factors shows that the Legislature did not intend for aggravated kidnapping and sexual assault to punish the same offense. *See Philmon*, 609 S.W.3d at 540.

We therefore hold that Aguilar-Estrada's punishments do not violate his double-jeopardy rights. We overrule his only appellate issue.

## CONCLUSION

We affirm the trial court's judgments.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed: October 26, 2021

Do Not Publish